James M. GODMAN and Barbara Godman, Plaintiffs,

v.

SEARS, ROEBUCK AND CO., a New York corporation, and Anchor Die Cast Division of P.P.A. Industries, Inc., a Delaware corporation, Defendants.

No. 84–CV–1625–DT.

United States District Court, E.D. Michigan, S.D.

July 26, 1984.

---

William S. Ansert, Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick, Detroit, Mich., Ward Powers, Powers, Chapman DeAgostino & Meyers, P.C., Troy, Mich., for plaintiffs.

Daniel L. Garan, Garan, Lucow, Miller, Seward, Cooper & Becker, P.C., Detroit, Mich., for Sears, Roebuck & Co.

James N. Martin, Martin, Bacon & Martin, P.C., Mount Clemens, Mich., for Anchor Die Cast.

## MEMORANDUM OPINION AND ORDER

FEIKENS, Chief Judge.

Before me is a motion by defendant Sears, Roebuck & Co. ("Sears") to retain jurisdiction in a case that was removed from Wayne County Circuit Court. Plaintiffs allege that the case was improvidently removed and should be remanded to State Court. Sears argues that the case was properly removed and that this Court should retain federal jurisdiction. For reasons stated herein, I find that this case was improvidently removed, and that Sears' motion to retain jurisdiction should therefore be denied.

## I. BACKGROUND

This is a personal injury action in which plaintiff James M. Godman was allegedly harmed while climbing over a fence to retrieve a ball from his neighbor's yard. The complaint alleges that Godman's watch caught on a fence post cap designed by Anchor Die Cast Division of P.P.A. Industries, Inc. ("Anchor") and sold by Sears.

Plaintiffs commenced suit in Wayne County Circuit Court naming Sears and Anchor as defendants. Sears was served with a copy of the complaint on March 7, 1984, and Anchor was served on March 23, 1984. On April 5, 1984, Sears filed a petition for removal. Anchor filed a petition for removal on April 19, 1984, and that case was assigned to the Honorable Ralph B. Guy, Jr. of this District. Judge Guy remanded plaintiffs' case against Anchor to Wayne County Circuit Court. The issue before this Court is whether the case against Sears should be remanded as well.

## II. DISCUSSION

■ The procedures which defendants must follow to remove a case to federal court are set forth in 28 U.S.C. § 1446. Courts have interpreted this statute to require all served defendants, except nominal parties, to join in or consent to the removal petition within thirty days of service.[1] *See Balestrieri v. Bell Asbestos Mines, Ltd.,* 544 F.Supp. 528 (E.D.Pa.1982); *Mason v. International Business Machines, Inc.* 543 F.Supp. 444 (M.D.N.C.1982); *Colin K. v. Schmidt,* 528 F.Supp. 355 (D.R.I.1981). It is well settled that this statutory time limitation is mandatory and may not be extended by order of the court or consent of the parties.[2] *Maglio v. F.W. Woolworth Co.,* 542 F.Supp. 39 (E.D.Pa.1982); *Perrin v. Walker,* 385 F.Supp. 945 (E.D.Ill.1974).

■ The first issue is when the thirty-day period begins to run for multiple defendants. Under these circumstances, courts have held that the statutory period begins to run as to all defendants when the first defendant is served. *See Godman v. Sears,* 588 F.Supp. 121 (E.D.Mich.1984); *Schmidt v. National Organization for Women,* 562 F.Supp. 210 (N.D.Fla.1983). *See also Sun Oil Co. of Pennsylvania v.*

*Pennsylvania Dept. of Labor & Industry,* 365 F.Supp. 1403 (E.D.Pa.1973). In *Godman, supra,* Judge Guy held that both Sears and Anchor had to join in the removal petition within thirty days of service on Sears. Since Anchor did not join until after this thirty-day period had expired, Anchor's removal petition was untimely. In remanding the case against Anchor to Wayne County Circuit Court, Judge Guy stated:

> [I]t is evident that ... Anchor Die Cast had fifteen days in which to effectuate removal. Defendant Sears did not shoulder the responsibility alone for collecting the consent of all properly served defendants. No defendant can sit back and wait for a solicitation of consent and, when it is too late, simply share in another's timely petition. If removal is sought, all served defendants must join within the thirty-day period or lose the privilege.

Opinion at pgs. 124.

In *Schmidt, supra,* the first defendant, Holt, was served on July 12, 1982. A subsequent defendant, NOW, was served on August 23, 1982. NOW filed a removal petition on September 20, 1983, with the consent and joinder of all defendants. In remanding the case as improvidently removed, the court stated that the thirty-day period began to run for all defendants when the first defendant was served:

> It is clear that the thirty-day time period for filing a petition for removal commenced *as to all defendants* on July 12, 1982, when defendant Holt was served. As a result, defendant NOW's petition for removal filed on September 20, 1982, appears untimely filed.

562 F.Supp. at 212–13 (emphasis added).

■ Here, the statutory time period began to run when Sears was served on

---

**1.** The applicable provision states that the petition for removal of a civil action "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading. ..." 28 U.S.C. § 1446(b).

**2.** Additionally, because removal is a purely statutory right, courts have uniformly held that removal should be strictly construed in favor of

state court jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Schwinn Bicycle Co. v. Brown,* 535 F.Supp. 486 (W.D.Ark.1982); *Van Slambrouck v. Employers Mutual Liability Ins. Co. of Wisconsin,* 354 F.Supp. 366 (E.D.Mich. 1973).

March 7, 1984. Although both Sears and Anchor were required to join in removal within thirty days from that date, Anchor did not file its petition until April 19, 1984. Thus, because the parties failed to file a unanimous petition within the statutory period, the case against Sears should be remanded to Wayne County Circuit Court.

■ Sears argues that even if the thirty-day period began to run on March 7, 1984, the removal was nevertheless proper because Anchor "consented" to the removal petition in a timely fashion. Sears bases this argument on a portion of the removal petition which states:

> That upon information and belief as well as conversations with co-defendant counsel, co-defendant Anchor Die Cast Division of PPA Industries, Inc. plans to join in this removal within thirty (30) days of the service of process on it.

Several courts have held that an official filing or voicing of consent is necessary to constitute a joinder under Section 1446. *See Mason*, 543 F.Supp. at 445; *Albonetti v. GAF Corp. Chemical Group*, 520 F.Supp. 825, 828 (S.D.Tex.1981) ("Section 1446 requires that all defendants so situated officially indicate their unanimity in the removal of an action in a timely fashion."). *See also Colin K. v. Schmidt*, 528 F.Supp. 355 (D.R.I.1981) (consent voiced in open court). In *Mason, supra*, the plaintiff served process on defendants IBM and RTKL on May 17, 1982. IBM filed a removal petition within thirty days of service. Although RTKL informed IBM of its desire to join in the removal petition within the thirty-day period, RTKL did not officially join in the removal until after the statutory period had expired. The court held that RTKL's informal consent was insufficient to constitute a joinder under the statute, and stated:

> The fact that RTKL informed IBM within the thirty (30) day period of its desire to remove an action is not sufficient. Section 1446(a) requires defendants "to file" a petition for removal. This provi-

sion clearly requires an official filing or voicing of consent.

543 F.Supp. at 445 (footnote omitted).

In this case, Sears indicated that Anchor would join in the removal within thirty days; however, Anchor failed to file an official consent or joinder within the statutory time period. I therefore reject Sears' argument that Anchor's informal "consent" was sufficient to satisfy the joinder requirement of Section 1446.

■ Finally, Sears argues that plaintiffs have waived any objections to untimeliness by responding to a request for a specific *ad damnum*. Although a party may waive objections to procedural defects in removal, a waiver will be found only when there is "affirmative conduct or unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand." [3] *Feller v. National Enquirer*, 555 F.Supp. 1114, 1121 (N.D.Ohio 1983), *quoting Maybruck v. Haim*, 290 F.Supp. 721, 724 (S.D.N.Y.1968). Examples of such conduct include unsuccessfully litigating a substantial issue, such as the right to a jury trial, or filing an amended complaint seeking further or different relief. *Maybruck*, 290 F.Supp. at 724.

■ Here, plaintiffs did not engage in "affirmative" conduct by answering the request for a specific *ad damnum;* they merely responded to a request initiated by defendant. Moreover, even if plaintiffs' conduct were characterized as "affirmative," clearly it is not "unequivocal assent of the sort which would render it offensive to fundamental principles of fairness to remand." *Maybruck*, 290 F.Supp. at 724. *Cf. Feller*, 555 F.Supp. at 1121 (filing of motion to quash deposition subpoena and brief in support of motion for summary judgment did not constitute waiver or consent to federal jurisdiction). I therefore find that plaintiffs did not waive their objections to procedural defects in the removal process in this case.

---

**3.** A trial judge has broad discretion in determining whether defects in the removal process have been waived. *American Oil Co. v. Egan*, 357 F.Supp. 610 (D.Minn.1973).

### III. CONCLUSION

Anchor failed to join in Sears' removal petition within the thirty-day statutory time period, and plaintiffs did not waive their objections to this lack of timely joinder.

Accordingly, IT IS ORDERED that Civil Action No. 84–1625 shall be, and hereby is, remanded to the Circuit Court for the County of Wayne, State of Michigan, as having been improvidently removed.