**Mary Ann REED, Plaintiff,**

v.

**Patricia A. CHESNEY, Patricia A. Irvin and Cigna Insurance Company, Defendant.**

**Civ. A. No. 89–CV–70661–DT.**

United States District Court, E.D. Michigan, S.D.

March 30, 1989.

Cary Makrauer, Southfield, Mich., for plaintiff.

Michael A. Martone, Troy, Mich., for Cigna Ins. Co.

Barbara A. Rush, Detroit, Mich., for Chesney and Irvin.

## OPINION AND ORDER OF REMAND

DUGGAN, District Judge.

Plaintiff commenced this action in the Circuit Court of Wayne County, Michigan against the individual defendants and Cigna Insurance Company, plaintiff's no-fault insurer, to redress injuries sustained in an automobile accident. Her complaint, filed November 8, 1988, alleges that on December 29, 1987, the car she was driving was struck by another car owned by defendant Irvin and operated by defendant Chesney. Count I of such complaint accuses the individual defendants of negligence. Count II, in contrast, states a contract claim against defendant Cigna Insurance Company who, plaintiff maintains, has withheld personal injury protection benefits owing her pursuant to the no-fault policy Cigna issued.

By a petition dated February 28, 1989, defendants Chesney and Irvin[1] removed the lawsuit on diversity grounds to this Court, relying, in part, on 28 U.S.C. § 1441(c) which provides:

Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

As discussed below, the reliance on § 1441(c) is misplaced; moreover, because defendant Cigna did *not* timely express its consent to removal to this Court, removal pursuant to 28 U.S.C. § 1441(a) is procedurally improper. Accordingly, this case must be remanded.

Section 1441(c) does not apply in this case. The statute authorizes removal "[w]henever a separate and independent claim ... is *joined with one or more otherwise non-removable* claims...." 28 U.S.C. § 1441(c) (emphasis added). Here, the petition for removal identifies the contract claim against Cigna as the "otherwise non-removable claim". However, in a brief filed with the Court indicating its consent to removal, defendant Cigna submits that diversity of citizenship exists between plaintiff and Cigna. This representation, together with the allegation in plaintiff's complaint that, as between plaintiff and Cigna, over $10,000 is in controversy, suggests that the Court has original jurisdiction of the contract claim as provided in 28 U.S.C. § 1332(a).[2] Rather than being non-removable, it would appear, then, that the contract claim is removable. Thus, defendants Chesney and Irvin, have "failed to meet [their] burden of showing that the federal court has jurisdiction" pursuant to

---

1. The petition for removal represents that defendants Chesney and Irvin are, in fact, the same person.

2. Diversity is *not* destroyed, in this Court's opinion, by operation of 28 U.S.C. § 1332(c) which provides in pertinent part:

    [I]n any direct action against the insurer of a policy or contract of liability insurance ... to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen....

*Ibid.* As noted by the court in *Ford Motor Co. v. Ins. Co. of North America,* 669 F.2d 421 (6th Cir.1982), the provision quoted above was enacted by Congress to eliminate "back door diversity, *i.e.,* the practice of substituting a tortfeasor's insurer for the tortfeasor as a named defendant to create diversity." 669 F.2d at 424–425. In the instant matter, the insured is the plaintiff and not the tortfeasor; thus, the policy underlying section 1332(c) will not be served if such section is applied. *Cf. Spooner v. Paul Revere Life Ins. Co.,* 578 F.Supp. 369 (E.D.Mich.1984).

28 U.S.C. § 1441(c). *Union Planters National Bank v. CBS, Inc.*, 557 F.2d 84, 90 (6th Cir.1977).

▇ Having determined that § 1441(c) does not, on the present record, authorize removal, the Court next considers whether removal was nonetheless proper pursuant to 28 U.S.C. § 1441(a) ("any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed ...."). In the Court's opinion, removal was procedurally defective and, therefore, improper.

The procedures governing removal are set forth in 28 U.S.C. § 1446. Courts have interpreted this statute, specifically, subsection (b) thereof, as requiring all served defendants "to join in or consent to the removal petition within thirty days of service." *Godman v. Sears, Roebuck and Co.*, 588 F.Supp. 121, 123 (E.D.Mich.1984) (footnote and citations omitted). *See also Lewis v. Rego Corp.*, 757 F.2d 66, 68–69 (3rd Cir.1985). In this case, defendant Cigna was served a copy of the summons and complaint on January 31, 1989. Its consent to (or joinder in) removal, however, was first communicated to the Court on March 23, 1989, well beyond the prescribed 30–day period. Under the facts of this case, this Court does not believe any justification exists to dispense with the required procedures.[3]

In sum, the Court is of the view that the lawsuit at bar "was removed improvidently and without jurisdiction" within the meaning of 28 U.S.C. § 1447(c). Accordingly, for the reasons stated above,

IT IS ORDERED that this case be REMANDED to the Wayne County Circuit Court.

---

**3.** A party may waive objections to procedural defects
when there is "affirmative conduct or unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand." *Feller v. National Enquirer,* 555 F.Supp. 1114, 1121 (N.D.Ohio 1983), *quoting Maybruck v. Haim,* 290 F.Supp. 721, 724 (S.D.N.Y.1968).
*Godman, supra,* at 124 (footnote omitted). Measured by this standard, plaintiff has done nothing constituting waiver.