Karen **KNICKERBOCKER**, as Administrator of the Estate of Brad Knickerbocker, Deceased, Plaintiffs,

v.

**CHRYSLER CORPORATION** and Jonick & Co., Inc., Defendants.

No. 89–CV–73601–DT.

United States District Court,
E.D. Michigan, S.D.

Jan. 16, 1990.

---

Richard M. Goodman, Detroit, Mich., for plaintiffs.

Craig L. John, Bloomfield Hills, Mich., for Chrysler Corp.

Michael J. Hutchinson, Detroit, Mich., for Jonick.

## ORDER DENYING DEFENDANTS' MOTIONS FOR RECONSIDERATION

FRIEDMAN, District Judge.

On January 2, 1990, the court entered an order remanding this case to state court because defendant Jonick's removal notice was defective. The matter is presently before the court on defendants' January 10, 1990, motions for reconsideration.

Local Court Rule 17(m)(3) states:

Generally, ... motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court ... shall not be granted. The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

In the present case, defendants have failed to demonstrate a palpable defect in the reasoning supporting the court's order of remand, or shown that the order was otherwise incorrect. Accordingly, defendants' motions for reconsideration must be denied.

Plaintiff commenced this action in Wayne County Circuit Court on November 16, 1989. On December 13, 1989, defendant Jonick filed a removal petition, in which it asserted that "[t]he Chrysler Corporation has been served with a copy of the Summons and Complaint and does not object to the removal of this action and once removal is effected, they would be willing to litigate this matter in Federal Court." On December 15, 1989, Jonick filed an amended removal petition, which contained the same representation. Although it had been served at the time Jonick filed its initial and amended removal notices, Chrysler did not sign or in any way officially join in either removal notice, or file a removal notice of its own within the 30–day period prescribed by 28 U.S.C. § 1446(b).

Defendants argue that a removal notice need not be *signed* by all served defendants in order to satisfy the filing requirement of 28 U.S.C. § 1446. Defendants assert that Chrysler's informal consent is sufficient. This view is not supported by the weight of the case authority. Rather, the court's review of the reported cases reveals the majority view to be that although a signing of the removal notice is not required, each defendant must nonetheless join in or consent to the removal by way of "an official filing or voicing of consent." *Godman v. Sears, Roebuck and Co.*, 588 F.Supp. 121, 124 (E.D.Mich.1984) (remanding case because the nonremoving co-defendant "failed to file an official consent or joinder within the statutory time period," although the removing defendant indicated in its removal notice that the co-defendant "plans to join in the removal"). *See also, Fellhauer v. City of Geneva*, 673 F.Supp. 1445, 1447 (N.D.Ill.1987) ("*each* defendant must communicate his consent to the court, either orally or in writing, within the thirty-day period"); *Knowles v. Hertz Equipment Rental Co.*, 657 F.Supp. 109, 110 (S.D.Fla.1987) ("Defendants must manifest consent to removal either in writing or orally to the Court within the 30–day period.... Further, failure to seek removal within the 30–day time period may not be cured retroactively"); *Clyde v. National Data Corp.*, 609 F.Supp. 216, 218 (N.D.Ga. 1985) ("unanimity [in the removal by all served defendants] must be expressed to the court within the thirty day period, whether by petition, written consent or oral consent"); *Mason v. International Business Machines, Inc.*, 543 F.Supp. 444, 446 (M.D.N.C.1982) ("The fact that [one defendant] informed [a removing co-defendant] within the thirty (30) day period of its desire to remove the action is not sufficient. Section 1446(a) requires defendant 'to file' a petition for removal. This provision clearly requires an official filing or voicing of consent"); *Albonetti v. GAF Corporation*, 520 F.Supp. 825, 828 (S.D.Tex.1981) ("the joinder requirement of section 1446 is satisfied, where one defendant files a sin-

gular removal petition, if all defendants served on or before the filing of that petition thereafter timely *file* either their own removal petitions or their joinders in or consents to the original petition.... Section 1446 requires that all defendants so situated officially indicate their unanimity in the removal of an action in a timely fashion"); *Wallis v. Southern Silo Company, Inc.,* 369 F.Supp. 92, 93–94 (N.D. Miss.1973) ("Southern did not join Demuth in the petition to remove, nor has it filed its own petition for that purpose. Demuth did not set forth in its petition for removal any reason for the failure of Southern to join therein. Thus, the petition was insufficient, on its face, to perfect the removal ...").

▆ In the present case, *Chrysler* did nothing to officially indicate its joinder in or consent to Jonick's removal of this case within the 30–day period prescribed by 28 U.S.C. § 1446(b). Under the case authority cited above,[1] Jonick's unsupported assertion that Chrysler "does not object to the removal" clearly fails to satisfy this statutory filing requirement. It is also clear that "[f]ailure to comply with th[e] provisions [concerning removal] generally constitutes an adequate ground for remand to state court." *Mason v. International Business Machines, Inc.,* 543 F.Supp. 444, 445 (M.D.N.C.1982). *See also, Reed v. Chesney,* 709 F.Supp. 792, 794 (E.D.Mich. 1989) (remanding case to state court because the removal was defective in light of a co-defendant's failure to communicate its consent to the removal within the 30–day period); *P–Nut Carter's Fireworks, Inc. v. D.T. Carey,* 685 F.Supp. 952, 953 (D.S.C. 1988) (same); *Fellhauer v. City of Geneva,* 673 F.Supp. 1445, 1447 (N.D.Ill.1987) ("federal jurisdiction over cases removed from state court should be rejected when the propriety of removal is doubtful.... [I]f all defendants do not consent to removal

within the thirty-day period, 'the district court shall remand the case' "); *Adams v. Aero Services International, Inc.,* 657 F.Supp. 519, 521 (E.D.Va.1987) ("The failure to join in or consent to removal in a timely fashion is a substantial albeit nonjurisdictional defect in the removal proceedings.... Because the statutory time limitation is mandatory and must be strictly complied with, noncompliance is sufficient to render removal improper and to require remand"); *Jetstar Inc. v. Monarch Sales & Service Company,* 652 F.Supp. 310, 312 (D.Nev.1987) (remanding case to state court because co-defendant failed to join in the removal petition). Since Chrysler clearly failed to comply with the filing requirement of 28 U.S.C. § 1446, the case must be remanded to state court.

Defendant Jonick argues that even if Chrysler failed to join in the removal notice, this failure is of no importance because Chrysler's joinder was not required pursuant to the "separate and independent claim" provision of 28 U.S.C. § 1441(c). That statute states:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

Jonick argues that plaintiff is asserting "separate and independent claims" against the two defendants, and that therefore Chrysler's joinder in Jonick's removal notice was not required.

Jonick's interpretation of § 1441(c) is untenable. As is clear from the plain wording of the statute, § 1441(c) provides an exception to the "all defendants must join" rule only with respect to defendants as to

---

**1.** Even the cases cited by defendants suggest that the non-removing defendant must make its consent known to the court in some formal way. In *Colin K. v. Schmidt,* 528 F.Supp. 355, 358 (D.R.I.1981), the consent was voiced at a conference with the court. In *Sicinski v. Reliance Funding Corp.,* 461 F.Supp. 649, 652 (S.D.

N.Y.1978), the removal petition clearly indicated that the non-removing defendant had authorized the petitioner to state its consent. In the present case, no manifestation of Chrysler's consent exists other than Jonick's bald assertion that Chrysler "does not object."

whom the complaint states *non-removable claims*. If the claims against both defendants are removable, both defendants must join in the removal notice.

Thus when a separate and independ[e]nt claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the defendant or defendants to the claim that is removable may file a notice to remove the entire case without the joinder of the defendant or defendants to the otherwise nonremovable cause of action. *But if there are two separate and independent claims and both such claims are removable, then all the defendants to both claims must seek removal.*

1A *Moore's Federal Practice* para. 0.168 [3.–2–2], pp. 555–56 (1989) (emphasis added). *See also, Jetstar Inc. v. Monarch Sales & Service Co.*, 652 F.Supp. 310 (D.Nev.1987), and extensive case authority cited therein.

In the present case, plaintiff's claim against Chrysler is not non-removable, and § 1441(c) therefore does not apply. Diversity of citizenship exists between plaintiff (a citizen of Pennsylvania) and Chrysler (a citizen of Delaware and Michigan), as it does between plaintiff and Jonick (a citizen of Ohio). This being a wrongful death action, the amount is controversy clearly exceeds $50,000. This court therefore has original jurisdiction over *both* claims pursuant to 28 U.S.C. § 1332(a)(1), and both defendants were required to join in the removal notice. Section 1441(c) simply has no application to this case.

For the reasons stated above, the court concludes that defendants have failed to show a "palpable defect by which the court and the parties have been misled" or any other reason why the court should reconsider its order of remand. Accordingly,

IT IS ORDERED that defendants' motions for reconsideration are hereby denied.

SO ORDERED.