**Edith E. WILLIAMS, Plaintiff,**

v.

**HURON VALLEY SCHOOL DISTRICT,** James H. Doyle, Superintendent of Schools, Gerald A. Collins, Assistant Superintendent of Personnel, Defendants.

No. 94–CV–71448–DT.

United States District Court,
E.D. Michigan,
Southern Division.

July 19, 1994.

M. Catherine Farrell, Marc M. Susselman, and Tracy J. Stablein, Southfield, MI, for plaintiff.

William G. Albertson and Ann L. Vandelaan, Birmingham, MI, for defendants.

### ORDER

JULIAN ABELE COOK, Jr., Chief Judge.

This case involves a claim of religious discrimination by the Plaintiff, Edith E. Williams, who had unsuccessfully sought to

obtain a leave of six days from her regular teaching schedule in the Huron Valley School District (School District) in order to observe certain Jewish "Holy Days."

On March 16, 1994, Williams filed a Complaint in the Oakland County Circuit Court of Michigan against the School District, its Superintendent, James H. Doyle, and its Assistant Superintendent of Personnel, Gerald A. Collins (all of whom are collectively referred to as the Defendants). Two days later, she filed a First Amended Complaint, in which she charged the Defendants with (1) religious discrimination, in violation of the Michigan Elliott–Larsen Civil Rights Act, Mich.Comp. Laws Ann. § 37.2101 et seq., (2) religious discrimination, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e–2 et seq., (3) unlawful retaliation, in violation of Elliott–Larsen and Title VII, and (4) an intentional infliction of emotional distress. On April 14, 1994, the Defendants removed the matter to this Court on the basis of the federal question that was embodied within the First Amended Complaint.

Williams now seeks to have this matter remanded to a state court, contending that her state law claims predominate. For the reasons that have been set forth below, her request must be denied.

## I

Williams argues that this Court has jurisdiction to remand a case if the state law claims predominate over the federal issues. 28 U.S.C. § 1441(c). Given the presence of three state claims and two federal claims [1] and concurrent state jurisdiction over the Title VII violations, Williams urges this Court to remand the matter to a state court in the interest of comity.

The Defendants oppose her motion, maintaining that 28 U.S.C. § 1441(c) only permits a remand when there is a separate and an independent federal claim. It is their position that no such claim exists in this case. They submit that Williams' state law claims are clearly related to her federal allegation inasmuch as all of her complaints arise out of the same common nucleus of operative facts.

In her reply, Williams contends that section 1441(c) permits a court to remand a case in which the state claims are related but are separate and independent from the federal claim. It is her belief that, although all of the claims arise from the same circumstances and are related, each is an independent claim with a separate burden of proof.

## II

Generally, a civil action that is filed in a state court may be removed if the federal district court has original jurisdiction. 28 U.S.C. § 1441(a) and (b). Thus, removal may be invoked whenever there is diversity jurisdiction or a federal question is present. 28 U.S.C. §§ 1331, 1332. State law claims that are related to a federal question claim may also be removed under the doctrine of supplemental jurisdiction (formerly known as pendent jurisdiction). 28 U.S.C. § 1367(a); see United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). A claim is supplemental when it is so related to the federal claim that it becomes a part of the same case or controversy under Article III of the Constitution. 28 U.S.C. § 1367(a).

While removal statutes are to be narrowly construed against the exercise of federal jurisdiction, Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), this Court concludes that the removal of Williams' claims from the state court was appropriate in this case. Here, the removal was exercised by the Defendants pursuant to section 1441(b) on the basis of the Title VII claim in Williams' pleading papers. Williams does not challenge the jurisdiction of this Court over her federal claims (to wit, discrimination on the basis of religion and unlawful retaliation). Nor does she contest the appropriateness or the applicability of supplemental jurisdiction over the state claims.

In actuality, all of Williams' claims against the Defendants arise, directly or indirectly, from the alleged refusal of the School District to provide her with the requested leave time. For example, it is her contention that the Defendants' rejection of her application

---

**1.** Williams has divided her unlawful retaliation

count into two claims for purpose of this motion.

constituted an act of religious discrimination which, in turn, forms the basis for Counts I (to wit, violation of the Elliott–Larsen Act) and II (to wit, violation of Title VII). Williams also maintains that the School District retaliated against her in violation of Title VII and the Elliott–Larsen Act when she filed a complaint with the Equal Employment Opportunity Commission in an effort to obtain an accommodation of her religious beliefs. Finally, she posits that her claim of intentional infliction of emotional distress stems from the actions of the Defendants who thereby prevented her from observing the holy days. Clearly, her state law claims stem from the same controversy as the federal claims. In fact, Williams concedes as much when she noted that "[t]he state law and federal claims are so intertwined as to inure against splitting the cause of action." (Williams' Brief at 4.) Notwithstanding this acknowledgment and, by implication, the appropriateness of a removal under section 1441(b), Williams seeks a remand of the matter under section 1441(c). She maintains that section 1441(c), as amended, authorizes a remand of this case because state law predominates.

■ Section 1441(c) establishes another ground for removal, *see Moralez v. Meat Cutters Local 539*, 778 F.Supp. 368, 369–70 (E.D.Mich.1991), as well as a basis for remand:

> [w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c).[2] However, seizing upon the distinction between "separate and independent claims" and pendent claims, the Supreme Court has made clear that section 1441(c) is inapplicable in those cases in which

a federal court has pendent (now supplemental) jurisdiction. *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 354, 355 n. 11, 108 S.Ct. 614, 621 n. 11, 98 L.Ed.2d 720 (1988); *see also Administaff, Inc. v. Kaster*, 799 F.Supp. 685, 687 (W.D.Tex.1992). Although *Carnegie–Mellon University* was decided prior to the 1990 amendment of section 1441(c), it remains instructive because the Congress neither eliminated nor modified the words "separate and independent" in the statute. Rather, the Congress merely broadened the type of claims that could be remanded. Thus, section 1441(c) does not authorize a remand in this matter inasmuch as Williams' state claims are supplemental.

■ Furthermore, a reading of the entire First Amended Complaint has caused this Court to conclude that a "separate and independent" federal claim does not exist in this case. Although written prior to the 1990 amendments of section 1441(c), the Supreme Court's review of the phrase, "separate and independent claim or cause of action," in *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 13–14, 71 S.Ct. 534, 539–40, 95 L.Ed. 702 (1951), is enlightening. For the purpose of this statute, it appears that a "separate and independent claim or cause of action" arises from a set of facts that are independent and distinct from those facts which support other claims in the complaint, and results in a wrong that is separate and distinct from the other ills about which the plaintiff complains. *American Fire & Casualty*, 341 U.S. at 13–14, 71 S.Ct. at 539–40 ("where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)"); *see Harrison v. Texas Dept. of Corrections*, 694 F.Supp. 226, 229 (E.D.Tex.1988) (acts and omissions formed bases for state tort claim as well as federal civil rights claim and thus, no separate and independent federal claim existed).

■ In this case, as Williams concedes, the state and federal claims are related.

---

2. Prior to the amendment, § 1441(c) read as follows:

> [w]henever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more

otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

(Williams' Reply at 3.) In fact, all of her claims against the Defendants arise from a common nucleus of operative facts. There is no separate and independent federal claim within the meaning of section 1441(c). *Carnegie–Mellon University*, 484 U.S. at 354, 108 S.Ct. at 621 (pendent claims are not "separate and independent" within the meaning of the removal statute).

The two Alabama district court cases that were cited by Williams in support of her motion are not persuasive on this issue. In *Martin v. Drummond Coal Company*, 756 F.Supp. 524 (N.D.Ala.1991), the district court concluded that the plaintiff's due process claim was tangential, the state law claims predominated, and a remand was proper. In that case, the original complaint was based upon state law claims of fraud and the breach of a fiduciary obligation. As a defensive maneuver and in an effort to avoid the application of the res judicata doctrine to the judgment of another state court, the plaintiff injected a due process issue into his action. The court determined that the scenario fell within the parameters of section 1441(c):

> In practical application, it would be impossible to remand the state claims here and to retain the tangential federal claim which is inexorably tied to the state claim. To do so would make no sense whatsoever. It seems, then, that this case is a case for which the recent amendment to § 1441(c) was designed. It would probably constitute an abuse of discretion *not* to remand the case.

*Id.* at 527. Based on its interpretation of the Supreme Court directives, the *Martin* court determined that (1) the federal claim was a collateral matter to the state causes of action, (2) the state law issues predominated, and (3) the facts did not provide a basis for removal. None of these factors are present in the instant case.

Williams' reliance on *Holland v. World Omni Leasing, Inc.*, 764 F.Supp. 1442 (N.D.Ala.1991) is equally misplaced. In *Holland*, the court remanded a case which involved state law claims for fraud, misrepresentation and breach of contract as well as a federal Racketeer Influenced and Corrupt Organizations (RICO) claim. The court explicitly noted that Holland had utilized the same basic facts in counts one and two of the Complaint to support his RICO claim of "predicate acts" by the defendant. Notwithstanding the common set of facts among the three claims, the court remanded the matter under section 1441(c) on the theory that the state law claims predominated. This Court believes that the *Holland* court erred in basing its decision on section 1441(c).

Inasmuch as Holland's claims were so intertwined, supplemental jurisdiction should have existed over the state claims. Such jurisdiction exists over state law claims when the facts become so related to the federal claim that they become a part of the same case or controversy under Article III of the Constitution. 28 U.S.C. § 1367(a). Section 1441(c) becomes operational only when the state law claims are otherwise non-removable. *Carnegie–Mellon University*, 484 U.S. at 354, 355 n. 11, 108 S.Ct. at 621 n. 11.

■ It appears to this Court that the *Holland* court found section 1441(c) to be an "escape hatch" for those claims that had been properly removed under section 1441(b). This Court is not convinced that the Congress intended this statute to be used in such a manner. The federal courts already possess the power to remand a case involving supplemental claims under 28 U.S.C. §§ 1367(c)(1) and (2) as well as *Carnegie–Mellon University*. Utilizing these authorities, a court may decline to exercise its supplemental jurisdiction if (1) "the claim raises a novel or complex issue of state law" or (2) the state law claim "substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c). It is within the discretion of the district court to remand a "removed case involving [supplemental] claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Carnegie–Mellon University*, 484 U.S. at 353–355, 357, 108 S.Ct. at 620–21, 623. Circumstances which warrant such a remand must depend upon the principles of judicial economy, procedural convenience, fairness to litigants and comity to the States. *Id.* at 357, 108 S.Ct. at 622–23.

In the case at bar, there are three state law claims and two federal law claims. The difference of one claim does not constitute the requisite "substantially predominate" factor in this case. Furthermore, the First

Amended Complaint does not appear to pose novel or complex issues of state law. Even if some are present, there has been no allegation by Williams that this Court cannot properly apply the applicable state law. Moreover, there is no reason to believe that it would be any more economical or convenient for the state court to hear this matter. Finally, the fairness factor is not implicated in seeking to determine whether the case should remain in this Court. If the federal forum continues, Williams may believe that she is being treated unfairly. On the other hand, the Defendants may conclude that they are being treated unfairly if this Court remands the properly removed matter. Consequently, none of the principles which favor remand mandate the relinquishment of jurisdiction over this case.

### III

For the reasons that have been articulated in this opinion, Williams' Motion to Remand must be denied.

IT IS SO ORDERED.