Theoda and Cora DUNN, Plaintiffs,

v.

William C. AYRE, Individually and as Genesee Township Supervisor; Ronald Shamel, individually and as Genesee Township Police Chief; Genesee Township Police Department; Deborah Bowen; Dorothy Bowen; Ted Bristol; Marvin Prime and Elaine Prime, Jointly and Severally, Defendants.

No. 96–73269.

United States District Court, E.D. Michigan, Southern Division.

Oct. 31, 1996.

tol, Marvin Prime, and Elaine Prime (collectively the "Non–Municipal Defendants") damaged and vandalized Plaintiffs' residence and property. Plaintiffs further allege that Defendants William Ayre (the Genesee Township Supervisor), Ronald Shamel (the Genesee Township Police Chief), and the Genesee Township Police Department (collectively the "Municipal Defendants"), acting pursuant to, and in execution of, an official or unofficial government custom, decision, or policy, violated Plaintiffs' First and Fourteenth Amendment rights because they have failed to respond to Plaintiffs' complaints about the alleged property damage and vandalism which they claim date back to 1989. Finally, Plaintiffs' complaint asserts that each Defendant, both Municipal and Non–Municipal, worked individually and in conjunction with one another to deprive Plaintiffs of the rights guaranteed to them by the Equal Protection Clause.

On July 18, 1996, the Municipal Defendants, alone and without the Non–Municipal Defendants, gave notice of removal pursuant to 28 U.S.C. § 1446 and sought removal under 28 U.S.C. § 1441(c). Thus, this Court, on August 21, 1996, issued an Order to Show Cause why this case should not be remanded to State court for failure of all named Defendants to join timely in removal.

Kenneth C. Reed, Flint, Michigan, for plaintiffs.

Richard H. Ebbott, Flint, Michigan, for defendants.

## ORDER REMANDING CASE TO THE GENESEE COUNTY CIRCUIT COURT

ROSEN, District Judge.

## I. INTRODUCTION

Plaintiffs commenced this action in Genesee County Circuit Court on March 27, 1996. Plaintiffs' complaint alleges that Defendants Deborah Bowen, Dorothy Bowen, Ted Bris-

## II. ANALYSIS

The Municipal Defendants filed their initial response to the Show Cause Order on August 30, 1996. In this first response, they argued that their removal was proper because even though all named Defendants failed to join timely in removal, as § 1446 requires, Plaintiffs' claims against the Municipal Defendants are "separate and independent" from Plaintiffs' claims against the Non–Municipal Defendants under § 1441(c).

Generally, when multiple defendants are joined in an action, all those defendants properly joined and served must join timely and concur in the removal notice pursuant to 28 U.S.C. § 1446[1]. See, e.g., Balazik v. County

---

**1.** The procedure for removal, as provided in 28 U.S.C. § 1446, requires that "[a] defendant or defendants desiring to remove any civil action ... shall file ... a notice of removal." This language has long been interpreted to mean that all defendants must timely join in the removal

*of Dauphin,* 44 F.3d 209, 213 (3d Cir.1995); *Roe v. O'Donohue,* 38 F.3d 298, 301 (7th Cir.1994); *Doe v. Kerwood,* 969 F.2d 165, 167 (5th Cir.1992); *Hewitt v. City of Stanton,* 798 F.2d 1230, 1232 (9th Cir.1986); *Knickerbocker v. Chrysler Corp.,* 728 F.Supp. 460, 462 (E.D.Mich.1990); *Reed v. Chesney,* 709 F.Supp. 792, 794 (E.D.Mich.1989); *Godman v. Sears, Roebuck & Co.,* 588 F.Supp. 121, 123 (E.D.Mich.1984). Therefore, according to this well-settled rule, if any properly joined and served defendants refuse or fail for any reason to join timely in the removal, the action may not be removed.

There are, however, several exceptions to this rule. One exception arises under 28 U.S.C. § 1441(c) [2], which provides that when a separate and independent claim arising under federal law is joined with one or more otherwise non-removable claims, "the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." Thus, if the claims are "separate and independent," only the defendants who are subject to the federal claim need join in the removal notice.

■ The question, of course, then becomes whether the federal claims upon which removal is sought are "separate and independent" from the non-removable claims. Claims are not separate and independent simply because they are asserted in different causes of action or in separate counts or derive from different primary rights. Rather, the claims must arise from different sets of acts or transactions and different wrongs inflicted upon the plaintiff. *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 13–14, 71 S.Ct. 534, 539–40, 95 L.Ed. 702 (1951);

*Williams v. Huron Valley School District,* 858 F.Supp. 97, 99 (E.D.Mich.1994). Where the federal claims are transactionally related to the state claims, however, removal may be taken under the supplemental jurisdiction statute, 28 U.S.C. § 1367. However, all properly joined and served Defendants still must join in the removal notice pursuant to § 1446. *See, e.g., Balazik,* 44 F.3d at 213; *O'Donohue,* 38 F.3d at 301; *Kerwood,* 969 F.2d at 167; *Hewitt,* 798 F.2d at 1232; *Knickerbocker,* 728 F.Supp. at 462; *Reed,* 709 F.Supp. at 794; *Godman,* 588 F.Supp. at 123.

■ Thus, for this Court to retain jurisdiction over the instant matter, the Court must find that Plaintiffs' claims against the Municipal Defendants are separate and independent from their claims against the Non–Municipal Defendants. The Municipal Defendants, however, admit—quite correctly— that although Plaintiffs have raised a state tort claim, a federal constitutional claim, and a derivative conspiracy claim, the facts which underlie all of these claims are "identical." [3] If the underlying facts are "identical", they cannot also be "independent and distinct" under *Williams* and *Finn.* Accordingly, the Municipal Defendants' removal under § 1441(c) is not proper because (1) the Plaintiffs' claims against the Municipal and Non–Municipal Defendants are not separate and independent and (2) as the Municipal Defendants also admit, all Defendants failed to join timely in removal pursuant to § 1446, *see, e.g., Balazik,* 44 F.3d at 213; *O'Donohue,* 38 F.3d at 301; *Kerwood,* 969 F.2d at 167; *Hewitt,* 798 F.2d at 1232; *Knickerbocker,* 728 F.Supp. at 462; *Reed,* 709 F.Supp. at 794; *Godman,* 588 F.Supp. at 123.

petition. *See, e.g., Chicago, R.I. & P. Ry. v. Martin,* 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900).

**2.** Other exceptions include: (1) unserved defendants, *See Northern Illinois Gas Co. v. Airco Industrial Gases,* 676 F.2d 270 (7th Cir.1982); (2) nominal or "sham" defendants, *See Farias v. Bexar County Bd. of Trustees,* 925 F.2d 866, 871 (5th Cir.1991); (3) defendants in consolidated actions, *See Crier v. Zimmer, Inc.,* 565 F.Supp. 1000, 1002 (E.D.La.1983); (4) an equitable exception for when contacting all defendants would be impossible, *See Doe v. Kerwood,* 969 F.2d 165, 169, fn. 15; and (5) defendants named only in

non-removable claims (e.g., a co-defendant to a federal officer, 28 U.S.C. § 1442(a)).

**3.** Specifically, the Municipal Defendants admitted, in their supplemental response which was also filed on August 30, 1996, that Plaintiffs' state claims against the Municipal Defendants arise from the "identical" facts as underlie their federal claims against the Municipal Defendants that follows from Plaintiffs' complaint, therefore, that Plaintiffs' state and federal claims against the Non–Municipal Defendants arise from these same "identical" facts.

Perhaps realizing this problem, on August 30, 1996, the Municipal Defendants filed a supplemental brief referring to this Court's decision in *Salei v. Boardwalk Regency Corp.*, 913 F.Supp. 993 (E.D.Mich. 1996). In *Salei*, this Court held, in relevant part, that

> [b]ecause Plaintiff's state claims are 'wholly separate and independent' from his federal claim, they simply do not lie within this Court's federal question jurisdiction. Indeed, the Court believes that any state claims that are sufficiently 'separate and independent' from a federal claim to qualify for removal under § 1441(c) cannot lie within a federal court's federal question jurisdiction. Consequently, because § 1441(c) in its present form expressly applies only to state court actions that include a federal question, that provision is unconstitutional.

*Id.* at 1010. Thus, the Municipal Defendants' supplemental response proposes an alternative to their arguments under § 1441(c), and requests that the Court find that their removal was proper under § 1441(a).[4] However, removal under § 1441(a), similar to § 1367, still requires all properly joined and served Defendants to join timely in removal pursuant to § 1446. *See, e.g., Balazik,* 44 F.3d at 213; *O'Donohue,* 38 F.3d at 301; *Kerwood,* 969 F.2d at 167; *Hewitt,* 798 F.2d at 1232; *Knickerbocker,* 728 F.Supp. at 462; *Reed,* 709 F.Supp. at 794; *Godman,* 588 F.Supp. at 123. This clearly did not occur here, as Defendants admit, and for this reason removal is improper under § 1441(a) as well.

This leaves open only the question of whether the Court may have supplemental jurisdiction over Plaintiffs' claims against both the Municipal and Non–Municipal Defendants pursuant to 28 U.S.C. § 1367 such that removal would be proper. As noted, § 1367 provides that where a claim "arising under" federal law is transactionally related to other nonremovable state claims, removal can be based on federal supplemental jurisdiction. Here, the claims against the Municipal and Non–Municipal Defendants are indeed "transactionally related" since they derive from identical facts. However, as noted, § 1367 requires the timely joinder of all properly joined and served Defendants pursuant to § 1446, and because all such Defendants here failed to join timely in removal, this Court cannot exercise supplemental jurisdiction. Thus, removal on this basis must also fail per § 1446. *See, e.g., Balazik,* 44 F.3d at 213; *O'Donohue,* 38 F.3d at 301; *Kerwood,* 969 F.2d at 167; *Hewitt,* 798 F.2d at 1232; *Knickerbocker,* 728 F.Supp. at 462; *Reed,* 709 F.Supp. at 794; *Godman,* 588 F.Supp. at 123.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that this case be REMANDED to the Genesee County Circuit Court.

---

4. Section 1441(a) provides:
   Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
   28 U.S.C. § 1441(a).