Chris MEHNEY–EGAN, Plaintiff,

v.

Antonio MENDOZA, Jr., Larry Kersten and City of Rose City, Defendants.

and

Antonio Mendoza, Jr., Plaintiff,

v.

Chris Mehney–Egan, Larry Kersten, Bob Barber, Jeffrey Erickson, Fred McKinnon, Patricia Ann Hebert, Patricia Katria Allard, Rosolin Russell, Glen's Market of Rose City, Glen's Market or Corp. Hqt. of Gaylord, Ogemaw Sheriff's Dept., Ogemaw County, Rose City, Defendants.

No. 00–10209.

United States District Court,
E.D. Michigan,
Southern Division.

Nov. 30, 2000.

Pilcher, Gov't Exs. 31 and 32.

**MEMORANDUM OPINION AND
ORDER ADJUDICATING
MOTION TO REMAND**

LAWSON, District Judge.

Before the Court is a motion by plaintiff, Chris Mehney–Egan, to remand this civil action to Ogemaw County, Michigan Circuit Court.

## I.

Plaintiff originally filed this action in the Ogemaw County Circuit Court on January 10, 2000 naming as defendants Antonio Mendoza, Jr. ("Mendoza"), the City of Rose City ("Rose City"), and Larry Kersten, the former Rose City police chief ("Kersten"). In her complaint, plaintiff contends that Mendoza had threatened her several times prior to August 15, 1998 prompting her to contact Chief Kersten to request protection. She alleges that she provided Kersten with evidence demonstrating that Mendoza would act violently toward her, and that Kersten instructed the plaintiff to deal with Kersten directly rather than contact other law enforcement officers. The plaintiff alleges further that Mendoza assaulted her on August 15, 1998 causing her to suffer gunshot wounds and other physical injuries. The complaint includes counts of assault and battery against Mendoza in which plaintiff seeks compensatory and exemplary damages, negligence against Kersten and Rose City for failing to prevent Mendoza's attack on the plaintiff, violation of the Elliot Larson Civil Rights Act ("ELCRA"), M.C.L. § §§ 37.2101, et seq., against Kersten and Rose City for gender discrimination by the police department against female crime victims, discrimination based on the Michigan Constitution against Kersten and Rose City, and a violation of the Michigan Constitution's due process clause against Kersten and Rose City resulting from the alleged failure to pursue evidence which plaintiff furnished to Kersten before the assault showing Mendoza's violence, failure to follow up on the evidence, investigate the evidence or enforce personal protection orders issued to the plaintiff against Mendoza.

Kersten and Rose City answered the complaint on March 13, 2000. At that time, both defendants were represented by the same attorney. On April 3, 2000, Mendoza, a prison inmate, filed his *pro se* answer to the complaint.

On May 8, 2000, the Ogemaw County Clerk issued a summons to Mendoza in a case entitled *Antonio Mendoza, plaintiff, v. Chris Mehney–Egan, Larry Kersten, Bob Barber, Jeffrey Erickson, Fred McKinnon Hale, Patricia Ann Hebert, Rosolin Russell, Patricia Katria Allard, Glen's Market of Rose City, Glen's Market Corp. Hqt. of Gaylord, Ogemaw County Sheriff's Department, and Ogemaw County, Rose City, defendants.* The clerk did not assign a case number and none appears on the summons. However, Mendoza checked the box on the summons which states: "A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has previously been filed in the 34th Circuit. The docket number and assigned judge are: 00–652929, Judge Ronald Bergeron."

Mendoza prepared a hand-written pleading entitled "Cross-complaint of defendants and plaintiff" which is dated April 11, 2000 and file-stamped by the Ogemaw County Clerk on June 21, 2000. The "cross-complaint" bears the same caption as the summons and likewise has no case number.

In his "cross-complaint," Mendoza attempts to turn the tables on the plaintiff and other city and county public officials by contending that those officials helped plaintiff stalk Mendoza who himself was a victim of threats by the plaintiff, and that they failed to prosecute plaintiff's friends for trying to run Mendoza over in a parking lot. Mendoza likewise complains that personnel at Glen's Market in Rose City denied him entry into the market and refused to hear complaints of employees harassing him. Mendoza also contends that Ogemaw County Prosecutor, Fred McKinnon violated Mendoza's civil rights in violation of 42 U.S.C. § 1983, as did former Ogemaw County Sheriff Deputy Jeffrey Erickson. Mendoza claims that Kersten violated 42 U.S.C. § 1983 "by discriminate [sic] practices, unconstitutional violations of the 4th and 14th Amendments by his

special relationship with [plaintiff] on state constitutional violations." Finally, Mendoza contends that Rose City and various public officials failed to protect him as a potential crime victim because they discriminated against male assault victims in violation of the Elliot Larson Civil Rights Act and they failed to preserve evidence regarding the violation of plaintiff's personal protection order.

On June 2, 2000, Rose City, represented by new counsel, filed a notice of removal in this court contending that Mendoza's cross-claims against this defendant involved a federal question in that defendant, Mendoza, had alleged, pursuant to 42 U.S.C. § 1983, that this defendant violated his civil rights under the United States Constitution. (Notice of Removal ¶ 4). Citing 28 U.S.C. §§ 1441 and 1446, Rose City contends that this Court has jurisdiction over the entire case because Mendoza's "cross-claim" constitutes an "action ... over which the District Courts of the United States have been given original jurisdiction pursuant to 28 U.S.C. § 1331." (Notice of Removal ¶ 5). Rose City further contends that the plaintiff's claims in plaintiff's original complaint are separate and independent from the claims made by Mendoza in the "cross-complaint" and therefore the plaintiff's complaint is removable under 28 U.S.C. § 1441(c). (Notice of Removal ¶ 11).

On June 29, 2000, the plaintiff filed her motion to remand, in which she argues that Mendoza's "cross-complaint" was not properly filed in the Ogemaw County Circuit Court at the time Rose City filed its removal petition in this court. She also contends that removal was improper because all of the cross-claim defendants did not concur in removal. Finally, plaintiff argues that a cross-defendant is not within the class of parties entitled to effectuate removal under 28 U.S.C. § 1441. Plaintiff requests costs against Rose City pursuant to 28 U.S.C. § 1447(c).

The Court finds that the parties have adequately set forth the relevant law and facts in their briefs and motion papers, and oral argument would not aid in the disposition of the instant motion. *See,* E.D. Mich. LR 7.1(e)(2). Accordingly, the Court **ORDERS** that the motion be decided on the briefs submitted. For the reasons stated below, the Motion to Remand is **GRANTED**.

### II.

The provisions of 28 U.S.C. § 1441 require a defendant to show that a district court would have original jurisdiction over a civil action in order to invoke the Court's removal jurisdiction. *Long v. Bando Mfg. of America, Inc.,* 201 F.3d 754, 757 (6th Cir.2000). The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction. *Id., Conrad v. Robinson,* 871 F.2d 612, 614 (6th Cir.1989). "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." *Brown v. Francis,* 75 F.3d 860, 864–65 (3d Cir.1996). *See also, Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit,* 874 F.2d 332, 339 (6th Cir.1989).

In seeking removal, Rose City asks this Court to treat Mendoza's "cross-complaint" as a complaint and view Rose City as a "defendant" for the purpose of 28 U.S.C. § 1441, rather than as a cross-defendant.

Rose City filed its removal petition on June 2, 2000. According to the Ogemaw County Clerk date stamps on papers furnished to this Court, the only paper other than his answer which Mendoza had filed in state court was a summons. The summons by itself does not constitute a "civil action" within the meaning of section 1441(a) and therefore cannot provide the basis for removal of the entire action to this court.

Even if this Court were to view Mendoza's later-filed "cross-complaint" as somehow relating back to the date stamp on the summons,[1] there are several reasons which preclude removal.

■ First, the pleading itself—the "cross-complaint"—was not filed in conformity with the Michigan Court Rules. Plaintiff observes that Mich.Ct.R. 2.203(D) permits the filing of a counter-claim or a cross-claim only with an answer or as an amendment under Mich.Ct.R. 2.118. The latter rule requires leave of court for amended pleadings filed beyond fourteen days after the original pleading. Mendoza's answer was filed in state court on April 3, 2000. Because Mendoza did not obtain leave of court to file his summons on May 8, 2000 or his "cross-complaint" on June 21, 2000, those pleadings are effectively a nullity. Rose City argues in opposition that there is a distinction to be drawn for purposes of removal between a state court pleading that was "filed" and one that was "properly filed," the former being sufficient for purposes of removal. Rose City cites no authority for this proposition, and the Court finds the position untenable inasmuch as it would render nugatory the provisions of the Michigan Court Rules requiring judicial permission to file amended pleadings after the amendment-by-right period had expired. Mendoza's "cross-complaint" was not properly filed, and consequently "there was no proceeding in the state court which was capable of being removed." *FDIC v. Klayer*, 519 F.Supp. 889, 890 (E.D.Ky.1981).

■ Second, the procedure for removal under 28 U.S.C. § 1446 requires the "defendant or defendants desiring to remove a civil action ... [to] file ... a notice of removal." Thus, when there are multiple defendants, all must timely join in the removal. *Chicago, Rock Island and Pacif-*

*ic Ry. v. Martin*, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900). Passive acquiescence is not sufficient. "[A]n official filing or voicing of consent is necessary to constitute a joinder under Section 1446." *Godman v. Sears, Roebuck & Co.*, 588 F.Supp. 121, 124 (E.D.Mich.1984). The official consent must be submitted within the 30-day period prescribed by § 1446. *Id.*

In this case, because Rose City seeks to align the parties as Mendoza did in his "cross-complaint," the Court views the unanimity rule as requiring joinder in the removal petition by all of the "defendants" including Kersten and the original plaintiff, Mehney–Egan. Kersten did not officially voice his consent until he filed his response to plaintiff's reply brief on July 28, 2000, well after the 30 day deadline. Mehney–Egan opposes removal.

■ Nonetheless, Rose City argues that unanimity is not required when removal is sought under 28 U.S.C. § 1441(c), as Rose City urges here, because Mendoza's cross-complaint alleges a claim that is separate and independent from the plaintiff's original cause of action. Plaintiff contends that Mendoza's "cross-complaint" is not at all separate, but rather arises from the transaction upon which the plaintiff's original complaint is based.

Both plaintiff and defendant Rose City rely on *Dunn v. Ayre*, 943 F.Supp. 812 (E.D.Mich.1996). In that case, the plaintiffs commenced an action in the Genesee County Circuit Court alleging that certain defendants ("non-municipal defendants") damaged and vandalized plaintiff's residence and property. Plaintiffs further alleged that certain other defendants ("municipal defendants") violated plaintiff's First and Fourteenth Amendment rights by failing to respond to plaintiff's complaints about the property damage. Final-

---

1. It is doubtful that papers filed in state court after removal can be considered by the Federal Court to establish federal jurisdiction because, by operation of 28 U.S.C. § 1446(d), once the state court receives notice of removal it "shall proceed no further ...," and new state filings are improper. *Town of Edenton v. Hervey Found.*, 71 F.Supp. 998 (E.D.N.C. 1947).

ly, plaintiffs alleged that all defendants deprived the plaintiffs of rights guaranteed by the Equal Protection Clause. *Id. at* 813.

■ The Court in *Dunn* acknowledged that "those defendants properly joined and served must join timely and concur in the removal notice pursuant to 28 U.S.C. § 1446." *Id.* However, the Court noted that there are exceptions to the rule requiring unanimous concurrence.

> One exception arises under 28 U.S.C. § 1441(c), which provides that when a separate and independent claim arising under federal law is joined with one or more otherwise non-removable claims, "the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." Thus, if the claims are "separate and independent," only the defendants who are subject to the federal claim need join in the removal notice.

*Id.* at 814 (footnote omitted). The Court noted that claims are not "separate and independent" simply because they assert different theories of recovery or allege different causes of action. Rather, in order to be "separate and independent," the claims themselves must derive from a different set of acts or transactions. *Id.* In that case, the Court observed that the plaintiff accused the non-municipal defendants of damaging and vandalizing their property. The claims against the municipal defendants were based upon the alleged failure to respond to the complaints about property damage and vandalism. Finally, the plaintiffs claimed that both municipal and non-municipal defendants worked in conjunction with each other to deprive the plaintiffs of constitutional rights. The Court determined that the factual bases for these claims were virtually identical, and therefore the claims against the municipal defendants could not be "separate and independent." *Id.* The failure of all served defendants to unanimously join in the removal petition was,

therefore, fatal to removal and thus the federal court did not have subject matter jurisdiction over the claim. *Id. at* 814–15.

■ In the case at hand, Rose City does not base its removal upon the separate and independent claims against it within the plaintiff's complaint. Rather, Rose City predicated removal under 28 U.S.C. § 1441(c) upon the assertion that Mendoza's "cross-claim" contained federal claims against Rose City that were separate and independent from Mehney–Egan's state claims in her complaint.

Mendoza is a *pro se* litigant and apparently untrained in the rules of pleading. His court papers, including the "cross-complaint," are not models of clarity and precision. The "cross-complaint" itself contains very few facts, and in it Mendoza appears to have incorporated several concepts found within the plaintiff's complaint, adding parties that appear to have been collaterally involved with the original incident between the plaintiff and the defendant. However, one insight into Mendoza's intent can be found on the summons itself where Mendoza avers that his claim "aris[es] out of the transaction or occurrence alleged in the complaint [which] has been previously filed" in the Ogemaw County Circuit Court, referencing the case number assigned to plaintiff's complaint. In reading the original complaint in conjunction with Mendoza's cross-complaint, one is left with the definite and firm impression that a long-standing dispute existed between Mehney–Egan and Mendoza which was punctuated by acrimonious encounters and complaints to local authorities, and which culminated in the acts of violence on August 15, 1998.

The Court therefore finds that the "cross-complaint" does not raise claims that are separate and independent from the claims contained in the plaintiff's complaint, and Rose City's reliance on the exception to the unanimity rule is misplaced. All "defendants" were required to

affirmatively and timely join in the removal.

This rule is particularly important here, where it does not appear that Mendoza has pleaded a federal cause of action against Rose City. Although Mendoza mentions violations of 42 U.S.C. § 1983 against Kersten and Ogemaw County officials, the sole basis of his complaint ("cross-complaint") against Rose City is a state statute. *See* "cross-complaint" ¶¶ 11, 12. It would be incongruous to permit a "defendant" against whom no federal claim has been pleaded, to usurp the privilege of removal on the basis of a federal claim against a "co-defendant" who has not timely consented to the removal.

Another issue raised by the plaintiff is the propriety of allowing removal by a party named as a cross-defendant in a cross-complaint that contains a federal question, where the literal language of the removal statute confines the removal privilege to "defendants." *See* 28 U.S.C. § 1441(a); *Shamrock Oil & Gas, Corp., v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). Due to the disposition of the issues above, however, the Court need not address this question.

The Court holds that removal was improvident and the Motion to Remand must be granted.

### III.

■ The plaintiff has also requested an award of costs and attorney fees pursuant to 28 U.S.C. § 1447(c) which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Rose City resists such an award contending that the issues raised in the motion are novel. Rose City also suggests that a letter by its counsel to plaintiff's attorney inviting the plaintiff to share her research which discloses "controlling authority" insulates it from costs.

Both parties rely on *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir.1993), which holds that an award of costs is discretionary with the Court and often turns on whether the removal lacked merit. Both parties also cite to *General Electric Capital Auto Lease, Inc., v. Mires*, 788 F.Supp. 948, 951 (E.D.Mich. 1992), which holds that cases rejecting attorney fees cite novel questions of law that have not otherwise been fully addressed.

The Court does not view this motion as presenting a close case. Rose City bases its entire argument for removal on the claims made against it by Mendoza. Yet the only papers by Mendoza on file in the state court when the removal petition was filed in this court was the summons. In the removal petition, Rose City contends that Mendoza's claims are "separate and independent" from plaintiff's original claims. (Notice of Removal ¶ 11). Yet Mendoza stated in the summons that the claims "aris[e] out of the transaction or occurrence alleged in [plaintiff's] complaint...." (Summons). Rose City states in the removal petition that "Mendoza's cross-claim against this defendant involves a federal question ... pursuant to 42 U.S.C. § 1983, that this defendant violated his rights under the United States Constitution." (Notice of Removal ¶ 4). The post-removal-filed "cross-complaint" makes no such claim.

Although a novel and unsettled question was presented by the motion, *i.e.*, whether a "cross-defendant" may file a removal petition where a federal question arises for the first time in a cross-complaint, that question was not controlling, and the decision to remand is based on more basic principles.

Finally, the exchange of correspondence between counsel for the plaintiff and Rose City in which concurrence in the Motion to Remand was sought and denied does not militate against an award of costs. Plaintiff's counsel's letter of June 9, 2000 suggested the folly of Rose City's removal arguments. In response, Rose City's attorney stated that he was "aware of ample

authority, supporting the principle that federal law, not state law, governs proper filing and service" of state court pleadings for removal purposes, although none was cited in Rose City's answer to the Motion to Remand, and concluded with an invitation to plaintiff's counsel to write again after spending some more time in the library. Each party has an obligation to research its own position, and cannot expect to rely on an opponent's efforts to discover the applicable law.

The Court concludes, therefore, that an award of costs is appropriate. However, the plaintiff has presented no evidence of her "just costs and ... actual expenses, including attorney fees," and this Court will not speculate as to what they might be.

The Court concludes that it has no subject-matter jurisdiction of this case for the reasons stated above. An Order of Remand shall issue in twenty-one (21) days. Plaintiff may submit evidence of her costs within seven (7) days of the date of this opinion. Rose City may submit evidence or argument in opposition thereto within seven (7) days thereafter.

It is so **ORDERED.**