Abelardo MORALEZ, Plaintiff,

v.

MEAT CUTTERS LOCAL 539,
et al., Defendants.

No. 91–CV–75717–DT.

United States District Court,
E.D. Michigan, S.D.

Dec. 13, 1991.

Abelardo Moralez, in pro. per.

Roger J. McClow, Klimist, McKnight, Sale, McClow & Canzano, Southfield, Mich., for defendant Meat Cutters Local 539.

Brian A. Kreucher, Keller, Thoma, Schwarze, Schwarze, DuBay & Katz, Detroit, Mich., for defendant Kroger Co.

## MEMORANDUM OPINION AND ORDER

ZATKOFF, District Judge.

This matter is before the Court on defendant Kroger's notice of removal. For the reasons hereafter stated, the entire cause is remanded.

### FACTS

Plaintiff Abelardo Moralez filed suit in Jackson County Circuit Court on September 13, 1991. Named defendants were Meat Cutters Local 539 (Union), the Kroger Company, Linda Martin and Douglas and Dennis Patterson. Pro se plaintiff appears to assert the following: breach of a collective bargaining agreement (CBA) against the union; breach of the CBA and intentional infliction of emotional distress against Kroger; and, with respect to Martin and the Pattersons, plaintiff alleges various state law tort claims, including intentional infliction of emotional distress and battery.[1] Kroger filed notice of removal to this Court on October 30, 1991.

### OPINION

Under 28 U.S.C. § 1441, Congress authorized several mechanisms which allow the removal into a federal forum of actions filed in state court. Subdivisions 1441(a) and (b) are invoked where removal is based on diversity of citizenship or the presence of a federal question. State law claims pendent to a federal question claim can also be removed. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); 28 U.S.C. § 1367. Sub-

1. While plaintiff's complaint is hardly a model of clarity, his requested relief includes a demand for punitive damages. Since such damages are unavailable where a plaintiff is merely proceeding under a breach of contract cause of action, *see* Restatement of Contracts § 342, he must also be asserting state law tort liability against the several defendants. Moreover, plaintiff would not have named Martin or the Pattersons as defendants if his only claim was breach of the CBA. Thus, a reasonable construction of plaintiff's complaint includes those theories of recovery noted in the opinion.

division 1441(c), on the other hand, permits the removal of cases in which a separate and independent federal claim is joined with one or more otherwise non-removable state claims. It thus appears that the degree of relation between the state and the federal claim need not be as great under 1441(c) as that required for pendent jurisdiction.[2] *See* 28 U.S.C.A. § 1441 Commentary at 5; *Moore v. DeBiase*, 766 F.Supp. 1311, 1318–19 n. 13 (D.N.J.1991). In the instant matter, Kroger urges that removal is appropriate under any of the three subdivisions.

▬ As noted above, removal pursuant to 28 U.S.C. § 1441(a) or (b) allows federal courts to exercise jurisdiction over pendent state law claims. *See United Mine Workers v. Gibbs, supra;* 28 U.S.C. § 1367. Thus, removal of an entire case is proper, under this approach, if the state and federal causes of action "derive from a common nucleus of operative fact." *Gibbs*, 383 U.S. at 725, 86 S.Ct. at 1138. In the instant matter, plaintiff's state claims fall far short of the required origin. For example, plaintiff's preempted federal claim,[3] that his employment was terminated by Kroger contrary to a CBA, arises out of a factual scenario separate and distinct from that which brought about his battery claim. Different parties, dates and elements of proof compel this conclusion. Kroger must thus rely on subdivision 1441(c) as the sole grounds for removal.

Subdivision 1441(c) provides:

Where a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand

all matters in which state law predominates.

28 U.S.C. § 1441(c). Consequently, if a case presents a separate and independent federal claim joined with an otherwise non-removable state claim, this provision would permit removal and jurisdiction over both. This Court finds that for virtually the same reasons plaintiff's state claims were not pendent, plaintiff's federal cause of action presents a separate and independent claim. That is, plaintiff's federal and state claims appear to seek separate relief for distinct wrongs. *See American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 14, 71 S.Ct. 534, 541–42, 95 L.Ed. 702 (1951). This Court thus holds that this case, including the state claims, was properly removed under 28 U.S.C. § 1441(c). This does not end the analysis, however.

▬ Prior to a December 1, 1990 amendment, federal district courts were only empowered to "remand all matters not otherwise within its original jurisdiction" under subdivision 1441(c). The subdivision, as quoted above, now provides that federal courts "may remand all matters in which state law predominates." 28 U.S.C. § 1441(c). Several courts and the Commentary to 28 U.S.C. § 1441(c) suggest that the amendment confers considerable discretion on such courts to "remand … the whole case, with the federal claim[s] included," where state law claims are found to predominate. *See Alexander v. Goldome Credit Corp.*, 772 F.Supp. 1217 (M.D.Ala. 1991); *Moore v. DeBiase*, 766 F.Supp. 1311, 1315–22 (D.N.J.1991); *Holland v. World Omni Leasing, Inc.*, 764 F.Supp. 1442, 1443–44 (N.D.Ala.1991); *Martin v. Drummond Coal Co.*, 756 F.Supp. 524, 525–27 (N.D.Ala.1991); 28 U.S.C.A. § 1441 Commentary at 5. This Court agrees with the

---

**2.** State law claims which are not pendent to a federal claim could fall into two categories: (1) those that are related but separate and independent from the federal claim; and (2) those totally unrelated to the federal claim. *Moore*, 766 F.Supp. at 1319 n. 13. Arguably, 1441(c) provides a basis for removal of both. With respect to totally unrelated state law claims, however, subdivision 1441(c) should not be so construed. Otherwise, a federal district court runs the risk

of adjudicating state claims that could find no justification for federal subject matter jurisdiction in any of the items listed in § 2 of Article III of the United States Constitution. *See* 28 U.S.C.A. § 1441 Commentary at 5.

**3.** *See Avco Corp. v. Aero Lodge No. 735*, 376 F.2d 337, 339–40 (6th Cir.1967), *aff'd*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968).

reasoning therein. The issue thus remains as to whether plaintiff's state law claims predominate.

This Court finds that plaintiff's state law claims predominate in this case.[4] Clearly, plaintiff's state law claims are more complex and would require more judicial resources to adjudicate than their federal counterparts.[5] Moreover, the majority of claims in this case are based on state law.[6] Thus, this entire matter, including plaintiff's federal claims, are REMANDED to Jackson County Circuit Court.[7]

### CONCLUSION

For all the above noted reasons, this entire matter, including plaintiff's federally preempted claims, are REMANDED to Jackson County Circuit Court.

IT IS SO ORDERED.

**4.** In so holding, this Court notes the long-recognized principle that removal statutes are to be narrowly construed against the exercise of federal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

**5.** The resolution of a breach of a CBA claim merely requires a construction of the language therein. On the other hand, claims of intentional infliction of emotional distress and battery present significantly more involved factual inquiries.

**6.** As construed by this Court, plaintiff's complaint presents seven claims sounding in state law and two sounding in federal law. The sev-

en include battery claims against each of the three individual defendants, and intentional infliction of emotional distress claims against the individual defendants and Kroger. The two federal claims are breach of a CBA against Kroger and the Union.

**7.** State courts have concurrent jurisdiction over claims under 29 U.S.C. § 185. *Charles Dowd Box Co. v. Courtney,* 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962). The state court is, of course, obliged to apply federal law. *Teamsters v. Lucas Flour Co.,* 369 U.S. 95, 102, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962).