**Juanita R. PADILLA, as Personal Representative of the Estate of Joseph Angel Padilla, deceased, Plaintiff,**

v.

**CITY OF SAGINAW, Alex G. Perez, Chief of Police, and James Blondin, Defendants.**

No. 94–CV–10252–BC.

United States District Court,
E.D. Michigan,
Northern Division.

Nov. 15, 1994.

**1310**

Heidi L. Salter, Ann Arbor, MI, for plaintiff.

Kenneth G. Galica, Bay City, MI, for defendants.

## MEMORANDUM OPINION AND ORDER

CLELAND, District Judge.

### I. Introduction

Pending before the court is Plaintiff's motion to remand this case to Saginaw County Circuit Court (Document 3).[1]

---

1. The document is entitled "Plaintiff's Objection to Notice of Removal." However, since the plaintiff is seeking relief, i.e., remand, the court construes the document as a motion for remand.

This action arises out of the shooting death of Joseph Angel Padilla by police officer James Blondin on June 28, 1992. Plaintiff, the personal representative of the decedent's estate, filed her complaint against the City of Saginaw, Police Chief Alex G. Perez, and police officer James Blondin in Saginaw County Circuit Court on or about June 27, 1994. The complaint states eight counts: (I) assault and battery—Blondin; (II) tortious violation of ministerial duties—Blondin; (III) tortious violation of ministerial duties—Perez; (IV) tortious violation of duties—City of Saginaw; (V) intentional infliction of emotional distress—Blondin; (VI) violation of Michigan and federal civil rights—Blondin; (VII) violation of Michigan and federal civil rights—Perez; and (VIII) violation of Michigan and federal civil rights—City of Saginaw. Defendants removed the action on September 2, 1994, pursuant to 28 U.S.C. §§ 1331 and 1441.

Plaintiff moves the court to remand the entire case under 28 U.S.C. § 1441(c). At oral argument on November 10, 1994, the court held that 28 U.S.C. § 1441(c) is inapplicable to this case. Pursuant to 28 U.S.C. § 1367(c)(4), however, the court declines to exercise supplemental jurisdiction and remands the state law claims. The court issues this written opinion in order to elucidate the principles that govern this case.

## II. Background

Plaintiff's complaint alleges that on June 28, 1992, her decedent was walking completely naked at or near the 3100 block of Hess Street in Saginaw. At approximately 5:00 p.m., Defendant Blondin was summoned to that area. When he arrived, he observed the decedent with no clothes on, smoking a cigarette in the driveway. Plaintiff alleges that Defendant Blondin recognized the decedent, had known him for approximately four years, and knew that he suffered from a mental disability. Defendant Blondin allegedly asked the decedent to come with him, but he did not arrest the decedent, who was unarmed. A confrontation ensued, and Defendant Blondin fired four shots at the decedent,

three of which struck him. Decedent died the same day; he was 38.

## III. Discussion

Defendants timely filed their notice of removal of this case on September 2, 1994, alleging that removal is proper "pursuant to 28 U.S.C. [§§ ]1331 and 1441." Defendants did not specify which subsection of 28 U.S.C. § 1441 they wished to invoke, and it appears that this is where the confusion in this case arose.

### A. Removal Would Be Proper Under 28 U.S.C. § 1441(a) and (b).

■ Removal would be proper under 28 U.S.C. § 1441(a) and (b). 28 U.S.C. § 1441(a) provides, in pertinent part,

[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(b) provides that where district courts have original jurisdiction founded on a federal question, a civil action is removable without regard to the citizenship or residence of the parties.

This court has original jurisdiction over Plaintiff's claims under its federal question jurisdiction, 28 U.S.C. § 1331, and under the doctrine of supplemental jurisdiction articulated in *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) and codified at 28 U.S.C. § 1367. 28 U.S.C. § 1331 provides that district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Counts VI, VII, and VIII invoke 42 U.S.C. § 1983, so the court has original jurisdiction over those claims. 28 U.S.C. § 1367(a) provides that in suits in which district courts have original jurisdiction, they "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article

III of the United States Constitution." Plaintiff's other claims fall under the court's supplemental jurisdiction because they and the federal law claims derive from a common nucleus of operative fact and, thus, form part of the same case or controversy under Article III. Plaintiff's complaint sets forth 25 "common allegations," which are expressly incorporated and re-alleged in each of the eight counts. Furthermore, all eight counts arise out of a single incident—the shooting of Plaintiff's decedent. Thus, the claims form a single case or controversy under Article III, and removal of the entire action was proper.

### B. Removal Would Not Be Proper Under 28 U.S.C. § 1441(c).

■ Plaintiff contends that the defendants removed the action under 28 U.S.C. § 1441(c), which provides

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title [federal question jurisdiction] is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

Plaintiff moves the court to exercise its discretion under § 1441(c) to remand the entire case to state court on the ground that state law predominates in all of the claims. In short, Plaintiff contends that "the state law claims are separate and independent causes of action" (Plaintiff's Reply Brief in Support of Objection to Removal "Reply," 1), but yet "Plaintiff's adjunct federal claims alleged are factually tied to all of the state claims." (Plaintiff's Brief in Support of Objection to Removal, "Brief," 6).

The court holds that 28 U.S.C. § 1441(c) is not applicable because the plaintiff's claims are not separate and independent. Rather, the claims arise from a common nucleus of operative fact. In *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), the United States Supreme Court construed the words "separate and independent claim or cause of action" in 28 U.S.C. § 1441(c), which Plaintiff now invokes. Although § 1441(c) has been amended since

*Finn*, the pertinent language of the section— "(c) Whenever a separate and independent claim or cause of action, . . . , is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein,"—became effective on September 1, 1948 and is the provision construed by *Finn*. The *Finn* court "conclude[d] that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c). In making this determination, we look to the plaintiff's pleading, which controls." *Id.* at 14, 71 S.Ct. at 540. The Court noted that "the damage comes from a single incident" and that the allegations against one defendant "involve substantially the same facts and transactions as do the allegations in the first portion of the complaint . . . It cannot be said that there are separate and independent claims for relief as § 1441(c) requires." *Id.* 16, 71 S.Ct. at 541.

The Court of Appeals for the Sixth Circuit applied this test in *Union Planters Nat'l Bank of Memphis v. CBS, Inc.*, 557 F.2d 84, 89 (6th Cir.1977). The underlying action in *Union Planters* arose from the default on loans made by the plaintiff to one defendant and guaranteed by two other defendants; the complaint also sought to recover from a fourth defendant, CBS, alleging that CBS committed tortious acts which destroyed the borrower's ability to repay the loan. Diversity of citizenship existed between the plaintiff and CBS, but not between the plaintiff and the other defendants. The action was filed in state court and involved no federal question. CBS filed for removal on the ground of diversity of citizenship and the existence of a "separate and independent claim or cause of action" within the meaning of 28 U.S.C. § 1441(c). The plaintiff then moved to remand the action to the state court on the ground that there was no jurisdiction under § 1441(c). The district court concluded that the case was removable and refused to remand it. It also exercised its discretion to retain the entire suit, including those actions against the other defendants having no diver-

sity of citizenship. The sole issue on appeal was whether Union Planters' complaint stated a separate and independent claim or cause of action against one defendant, CBS, so as to be removable to the district court pursuant to 28 U.S.C. § 1441(c). *Id.* at 88. Since *Union Planters* was decided, the statute was amended to permit removal under § 1441(c) only where the case involves a federal question. The language relevant to the present case, though, "separate and independent claim or cause of action," was not affected by the amendment, so the *Union Planters* interpretation of that phrase is still sound.

The Sixth Circuit rejected CBS's claims that the actionable wrongs against the other defendants were separate and distinct from the wrongs alleged against it and, accordingly, reversed the district court.

> The wrong asserted against the Tennessee defendants, CBS says, is a failure to pay debts; while the wrong which Union Planters asserts against CBS is a series of tortious acts. The fact that Union Planters utilized separate counts to plead different legal theories, one sounding in contract and the other in tort, does not automatically make them separate and independent. The complaint will be considered as a whole and the issue of removal determined on that basis. Multiple theories of recovery do not necessarily mean multiple causes of action where there is but one wrong.

*Id.* at 89. The case at bar is an easier one than *Union Planters.* In *Union Planters,* CBS argued that the cause of action against it not only differed in legal character from the action against the other defendants, but that it was based upon different events and transactions. *Id.* No such argument could be made in good faith here. Plaintiff's state law causes of action may differ in legal character from the federal law causes of action, if only because they are brought under different bodies of law. But the state law causes of action are not based upon different events and transactions. All Plaintiff's claims are based on the same event—the shooting of

her decedent and, possibly decisions or transactions very closely related to it. Plaintiff's argument that her state law claims are separate and independent from her federal law claims is weaker than CBS's argument in *Union Planters,* which the Sixth Circuit rejected.

Another district court in this circuit has recently applied *Finn* to a case like the one at bar. In *Kabealo v. Davis,* 829 F.Supp. 923 (S.D.Ohio 1993), the court noted, "Where there is a single injury to plaintiff for which relief is sought, arising from an interrelated series of events or transactions, there is no separate or independent claim or cause of action under § 1441(c)." *Id.* at 926. "The use of different counts to plead different legal theories or multiple theories of recovery does not automatically make those counts separate and independent." *Id.* The sense in which Plaintiff's state law claims are separate and independent from her federal law claims is that they are brought under different legal theories, and that is insufficient reason to invoke § 1441(c).

The complaint sets forth 25 common allegations, which lay out the relevant facts. Each count of the complaint then "incorporates and re-alleges paragraphs 1–25 of the Common Allegations as though completely stated herein." Plaintiff suffered a single injury—her decedent was shot and killed. This injury arose from a series of interrelated events or transactions. Thus, under *Finn, Union Planters,* and *Kabealo,* Plaintiff's state and federal claims are not separate and independent, and 28 U.S.C. § 1441(c) does not apply.

In her written submissions and at oral argument, Plaintiff relied heavily on one writer's commentary to the 1990 amendments to 28 U.S.C. §. 1441(c) and on *Moore v. DeBiase,* 766 F.Supp. 1311 (D.N.J.1991). Plaintiff cited David D. Siegel, "Commentary on 1988 and 1990 Revisions of Section 1441," for his statement, "It was left entirely to the federal judge to decide what if anything should stay in the federal court and what should go back to the state court."[2] Plaintiff

---

**2.** Plaintiff's citation to this comment gives the misleading impression that it was the Revision Notes or other official commentary. She cites

Siegel's article as "28 U.S.C. 1441 Comments, 'The 1990 Amendments of Subdivision (c).' " The court considers Siegel's comments but notes

takes this comment out of context. The sentences preceding and following the one quoted by the plaintiff are helpful in understanding § 1441(c) but actually militate against Plaintiff's position:

> Recognizing the liberal rules of joinder applicable in many state courts, however, which often support the joinder of **wholly unrelated** claims, subdivision (c) permitted the federal judge, after removal, to 'remand all matters not otherwise within its [the federal district court's] original jurisdiction'. That acted as a lever that the federal judge could pull to send back to the state court **claims having no relationship, or so little, to the federal-jurisdiction-supporting claim that they had no call on the attention of a federal judge.** The state court could not interfere in the process. It was left entirely to the federal judge to decide what if anything should stay in the federal court and what should go back to the state court. Giving the federal court this leverage may also have avoided constitutional issues in some instances by enabling the judge to remand to the state court **claims that could find no justification for federal subject matter jurisdiction** in any of the permissible categories enumerated in § 2 of Article III of the U.S. Constitution, or **in any theory pronounced in the caselaw for offering at least some kind of implied jurisdiction to the other claims (like 'pendant' or 'ancillary' jurisdiction).** See 28 U.S.C.A. § 1367, above, and the Commentary on it. [emphasis supplied].

The situation of which Siegel speaks is clearly not the situation in this case. Plaintiff's state claims are not "wholly unrelated" to her federal claims. On the contrary, all Plaintiff's claims derive from a single incident; they merely state different theories of recovery for the same wrong. It could not be fairly said that the state claims have no relationship, or so little, to the federal-jurisdiction-supporting claims, i.e., the 42 U.S.C.

§ 1983 claims, that "they had no call on the attention of a federal judge." This court has jurisdiction of Plaintiff's state law claims under 28 U.S.C. § 1367, which codifies the doctrine of *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Plaintiff's reliance on Siegel's comments is entirely misplaced.

Plaintiff also relies heavily on *Moore v. DeBiase*, 766 F.Supp. 1311 (D.N.J.1991), in which a district court remanded under § 1441(c). Plaintiff urges the court to follow *Moore*, stating that "it is on all fours with this case." (Reply, 2). Moore is similar to the case at bar, but it is not binding on this court. This court believes that *Moore* was wrongly decided. No other published decision has followed *Moore's* holding that remand is appropriate under § 1441(c) where the state and federal claims are premised upon the same nucleus of operative facts, and this court sees no reason to do so.

In *Moore*, a police officer brought suit in state court alleging that the police chief and other officials campaigned to discredit and terminate him in retaliation for filing a grievance. He filed a complaint with nineteen counts, only two of which invoked federal law, 42 U.S.C. § 1983.[3] As in the case at bar, the counts based on § 1983 also alleged violation of state constitutional rights. After a thorough review of the history of § 1441(c), the court—remarkably—stated, "Remand of the entire matter, including the section 1983 claims, is even more compelling in this case because the federal claims are factually tied to all of the state law claims." *Id.* In this court's opinion, the *Moore* court failed to appreciate that § 1441(c) does not apply where federal claims are factually tied to state law claims; it applies only where they are "separate and independent." Under *Finn*, if the state and federal claims are factually tied, they are not separate and independent, and § 1441(c) does not apply.

---

that they are not properly afforded any more weight than any other treatise on the issue.

**3.** The *Moore* court stated that "[s]ixteen of the nineteen Counts in the Complaint allege causes of action based purely on state law. The federal

law claims are found only in the Fourteenth and Fifteenth Counts." It is unclear what the remaining count, ostensibly based neither purely on state law nor based in any part on federal law, was based on.

 As this court interprets § 1441(c), that section applies only where the state and federal claims in a single suit do not derive from a common nucleus of operative fact and, thus, where the suit is not removable under §§ 1441(a) or (b) because the court lacks any basis for jurisdiction over the state law claims. While the class of cases to which § 1441(c) applies is small, it is not nonexistent. For example, in *Moralez v. Meat Cutters Local 539,* 778 F.Supp. 368 (E.D.Mich. 1991), Judge Zatkoff properly remanded a case under § 1441(c) because the state and federal claims were truly separate and independent. Moralez's federal claim was against a union for breach of a collective bargaining agreement; his state claims were intentional infliction of emotional distress and battery. The court noted that "plaintiff's state claims fall far short of the required origin" for pendent jurisdiction. *Id.* 370.

This Court finds that for virtually the same reasons plaintiff's state claims were not pendent, plaintiff's federal cause of action presents a separate and independent claim. That is, plaintiff's federal and state claims appear to seek separate relief for distinct wrongs.

*Id.* Where a plaintiff's federal and state claims seek separate relief for distinct wrongs, as in *Moralez,* a court properly invokes § 1441(c). But where, as here, the plaintiff seeks relief for a single injury, arising from an interrelated series of events or transactions, § 1441(c) does not apply.

### C. Pursuant to 28 U.S.C. § 1367(c), the Court Declines to Exercise Supplemental Jurisdiction.

 Although § 1441(c) does not apply, 28 U.S.C. empowers a district court to remand state law claims over which it has supplemental jurisdiction.[4] 28 U.S.C. § 1367(c) provides that a district court may decline to exercise supplemental jurisdiction over a supplemental claim if

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The subsection applicable to the case at bar is subsection four—"other compelling reasons for declining jurisdiction."

The potential for jury confusion can be a sufficiently compelling reason for declining jurisdiction. The United States Supreme Court has cited jury confusion in cases brought under 42 U.S.C. § 1983 and state law as a proper reason for a district court to decline to exercise pendent jurisdiction. *Moor v. County of Alameda,* 411 U.S. 693, 716–17, 93 S.Ct. 1785, 1799, 36 L.Ed.2d 596 (1973). Wright, Miller & Cooper identify jury confusion as a sound reason for a district court to remand state law claims over which it has supplemental jurisdiction. "One example of this [exceptional circumstances under 28 U.S.C. § 1367(c)(4) ] might be the possibility of jury confusion, which was recognized in *Gibbs* as a reason for declining jurisdiction." Wright, Miller & Cooper, *Federal Practice & Procedure,* § 3567.1, n. 46.

The court finds that the potential for jury confusion in this case is great. The state claims and federal claims have different legal standards, rules of vicarious liability and immunity, and recoverable damages, and it would be very difficult for a jury to keep them straight.

4. The courts disagree over whether it is ever appropriate to remand a federal law claim under 28 U.S.C. § 1367(c). Some courts have found that remand of the federal claims along with the pendent state claims is appropriate. *See e.g., Administaff, Inc. v. Kaster,* 799 F.Supp. 685 (W.D.Tex.1992); *Bodenner v. Graves,* 828 F.Supp. 516 (W.D.Mich.1993). Others, however, disagree. See, e.g., *Kabealo v. Davis,* 829 F.Supp. 923, 927 (S.D.Ohio 1993). This court finds it unnecessary to enter this legal thicket. Remand is certainly not required, and Plaintiff's stated reason for requesting remand of the entire case—that the large amount of discovery and large number of potential witnesses makes the case unsuitable for federal court—is entirely unpersuasive. The court finds that it would not be in the interest of justice to remand the federal claims in this action, regardless whether it would be legally permissible to do so.

■ First, the applicable legal standards for Fourth Amendment violation and assault and battery are different. Use of force in accomplishing an arrest gives rise to a Fourth Amendment claim if the force used was not "objectively reasonable." *Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). The applicable standard in an action under Michigan law for assault in the excessive use of force by a peace officer was long ago defined as what "honestly appeared to him at the time to be reasonable and right." *Firestone v. Rice,* 71 Mich. 377, 38 N.W. 885 (1888); *Dickey v. Fluhart,* 146 Mich.App. 268, 277, 380 N.W.2d 76 (1985). In other words, the standard for the § 1983 suit is objective reasonableness, while the standard for the state assault and battery claim is subjective reasonableness. A jury could not be expected to understand and to apply the two different standards of reasonableness in the same case. The standards for warrantless arrest for a misdemeanor also differ. With only a few exceptions, under Michigan law a police officer may make a warrantless arrest for a misdemeanor only if it is committed in his presence, M.C.L. § 764.15, *Gallagher v. Michigan Secretary of State,* 59 Mich.App. 269, 229 N.W.2d 410 (1975), but such an arrest probably does not violate the Fourth Amendment if the officer had probable cause to make the arrest. *See* LaFave & Israel, *Criminal Procedure,* § 3.5, p. 242 (1984) ("It appears that the Fourth Amendment presents no barrier to abolition of the felony-misdemeanor distinction so as to permit warrantless arrests on probable cause in all cases.").

■ A second area of conflict involves the questions of vicarious liability. The law of municipal liability under § 1983 is governed by *Monell v. Dep't of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) and its progeny. Under *Monell,* governmental entities may not be held liable under § 1983 based on *respondeat superior.* Rather, municipal liability depends upon whether the governmental entity "caused" the constitutional violation by promulgating a policy that sanctioned the misconduct. Municipal liability under state law, in contrast, is rooted in principles of *respondeat superior. See Ross v. Consumers Power Co.,* 420 Mich. 567, 624–25, 363 N.W.2d 641 (1984).

■ Third, the state and federal laws of immunity also differ. With the exception of judicial and prosecutorial decisions, immunity under federal law turns on the objective reasonableness of the officials' actions, *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), and municipalities do not receive the benefit of any such immunity. *See Owen v. City of Independence,* 445 U.S. 622, 638, 100 S.Ct. 1398, 1409, 63 L.Ed.2d 673 (1980). In Michigan, however, immunity for lower level public officials depends on distinctions between discretionary and ministerial functions without regard to objective good faith, and does not extend to governmental entities. *Ross,* 420 Mich. at 632, 363 N.W.2d 641.

Fourth, recoverable damages are different under each system. Under federal law, a § 1983 plaintiff may recover punitive damages against individual defendants but not against municipalities. *City of Newport v. Fact Concerts, Inc.* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981). Under state law, a plaintiff ordinarily may not recover punitive damages. It would undoubtedly be difficult for jurors to segregate mentally the state claims from the federal claims and award appropriate damages; they might be tempted to award damages not recoverable under state law on theories not actionable under federal law.

The court has weighed the likelihood of jury confusion against the economy which might be achieved by resolving all counts in a single court, as required by *Moor v. County of Alameda,* 411 U.S. 693, 716, 93 S.Ct. 1785, 1799, 36 L.Ed.2d 596 (1973). There will be some duplication of effort required by the prosecution and defense of this case in two courts if the plaintiff decides to pursue her federal claims.[5] However, the court finds that the advantages to be gained by trying these claims together are outweighed by the

---

**5.** Plaintiff's counsel intimated at oral argument that Plaintiff might prefer to abandon her federal claims rather than pursue them in federal court.

potential for confusion of the issues by the jury. Thus, remand of all state law claims is appropriate.

## IV. Conclusion

Counts I through V are remanded to Saginaw County Circuit Court, along with the Michigan constitutional claims in Counts VI, VII, and VIII. The court retains jurisdiction over the claims under 42 U.S.C. § 1983 contained in Counts VI, VII, and VIII.

If Plaintiff wishes to pursue her federal claims in this court, she must file an amended complaint by December 2, 1994 and/or a motion for reconsideration within the period allowed by Local Rule 7.1(h)(1).

IT IS SO ORDERED.