Willie J. McKINNEY, Plaintiff,

v.

THE CITY OF GROSSE POINTE PARK; and Certain Grosse Pointe Park Police Officers; Officer Hoshaw; Officer Greg Allen; Officer Srebernak; Officer Cain and Officer Flanagan, Defendants.

No. CIV. A. 99–40387.

United States District Court,
E.D. Michigan,
Southern Division.

Nov. 15, 1999.

John R. Hocking, III, Clinton Twp., for Willie J. McKinney, plaintiff.

G. Gus Morris, Cox, Hodgman, Troy, for Grosse Pointe Park, City of, John Doe, Hoshaw, Officer, Greg Allen, Officer, Srebernak, Officer, defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

GADOLA, District Judge.

Plaintiff initiated the instant action by filing his complaint on July 8, 1999 in the 36th Judicial District Court, State of Michigan, Civil Action No. 99–117308–NO. On July 16, 1999 plaintiff filed a second amended complaint. Both plaintiff and defendants are citizens of Michigan. *See*

second amended complaint, ¶¶ 1–3. On October 4, 1999, defendants filed a notice of removal, seeking to remove the instant case to this Court. Shortly thereafter, on October 12, 1999, plaintiff filed his objection to removal. The Court will construe said objection as plaintiff's motion to remand. Defendants invoke this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441. Although not explicitly stated in their notice of removal, defendants apparently also intend for the Court to exercise pendent jurisdiction over any state law claims raised in plaintiff's complaint pursuant to 28 U.S.C. § 1367.

Plaintiff pleads three "causes of action" in his second amended complaint, which is attached to defendant's notice of removal. The *first* "cause of action" contains the following claims against "individual defendants, officers": unreasonable seizure under the Fourth Amendment of the United States Constitution; deprivation of liberty under the Fourteenth Amendment of the United States Constitution; the state common law tort of false imprisonment; and the state common law tort of false imprisonment. The *second* "cause of action" contains the following claim *also* against "individual defendants, officers": excessive force in violation of the Michigan Constitution and Michigan law. The *third* "cause of action" is brought against defendant-municipality. It alleges that the City "failed to train its officers in the fundamental law of arrest and use of force in effecting arrest" and that the City's customs and policies were a proximate cause of the excessive force allegedly used against plaintiff. Because plaintiff's state law claims "substantially predominate" over any federal claims asserted in plaintiff's complaint, the Court will remand the instant action in its entirety to the 36th Judicial District Court, State of Michigan.

██ As this Court recently explained in *Archer v. Arms Technology, Inc.*, 72 F.Supp.2d 784 (E.D.Mich. 1999) (Gadola,

J.), a defendant in a civil action in state court may remove that action to federal court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a); *Strong v. Telectronics Pacing Systems, Inc.*, 78 F.3d 256, 259 (6th Cir. 1996); *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 454 (6th Cir. 1996). Since the parties herein are *not* diverse, defendants allege federal question jurisdiction. A federal court has original jurisdiction over a federal question when the civil action "arises under" the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. Whether a claim arises under federal law for purposes of federal question jurisdiction is governed by the "well-pleaded complaint" rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *see Gully v. First National Bank*, 299 U.S. 109, 112–13, 57 S.Ct. 96, 81 L.Ed. 70 (1936); *Louisville & Nashville Railroad Co. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908).

■ As discussed above, in addition to premising this Court's jurisdiction upon the existence of a federal question pursuant to 28 U.S.C. § 1331, defendants also necessarily invoke this Court's supplemental jurisdiction with respect to certain pendent state law claims pursuant to 28 U.S.C. § 1367. It is well-established that a federal court may decline to exercise supplemental jurisdiction when state law "substantially predominates" over federal claims. *See* 28 U.S.C. § 1367(c).

■ When state law claims predominate in a civil action premised on federal question jurisdiction, the district court may remand the whole civil action to state court. Title 28, United States Code, Section 1441(c) provides:

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and *the district court* may determine all issues therein, or, *in its discretion, may remand all matters in which State law predominates*.

28 U.S.C. § 1441(c) (emphasis added). Section 1441(c) embodies Congress' intent to restrict the removal jurisdiction of the federal courts. *See Battle v. Park Geriatric Village Nursing Facility*, 948 F.Supp. 33, 35 (E.D.Mich.1996) (Gadola, J.). In particular, Section 1441(c) gives this Court the discretion to remand the entire civil action to state court when state law predominates, even though federal question jurisdiction would have existed if the action were brought originally in federal court. *Id.; Moralez v. Meat Cutters Local 539*, 778 F.Supp. 368, 370–71 (E.D.Mich. 1991). State law predominates here because the majority of claims for relief in this case are based on state law. *See Moralez*, 778 F.Supp. at 371.

■ As enumerated above, plaintiff's first amended complaint explicitly asserts only two federal law claims against defendants, to wit: (1) unreasonable seizure under the Fourth Amendment and (2) deprivation of liberty under the Fourteenth Amendment to the United States Constitution. The remaining various state law claims are *not* removable to this Court *but for* Section 1367. This Court, in exercising its discretion under Section 1441(c), concludes that remand of this entire action is warranted in light of the *predominance* of state law questions.

■ As a final consideration, defendants may be tempted to argue that plaintiff's third "cause of action" concerning the customs and policies of defendant-municipality alleges a federal civil rights violation pursuant to 42 U.S.C. § 1983. However, Section 1983 is not referenced anywhere in plaintiff's second amended complaint. Moreover, the *only* claim that is alleged in the third "cause of action" is "excessive

force." Accordingly, the Court must interpret plaintiff's third cause of action as alleging the state law tort claim of excessive force brought against the municipality, and not as alleging any federal cause of action.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's objection to removal filed October 12, 1999, construed as plaintiff's motion to remand, is **GRANTED**;

**IT IS FURTHER ORDERED** that the above-entitled action be, and hereby is, **REMANDED**, in its entirety, to the 36th Judicial District Court, State of Michigan.

**SO ORDERED.**