BROAD, VOGT & CONANT, INC., a Michigan corporation; Broad Industrial Corporation (formerly known as Broad Steel Construction, Inc.), a Michigan corporation; Broad Rack Structures, Inc., a Michigan corporation; Broad Financial Group, L.L.C., a Michigan limited liability company; and John W. Broad, an individual, Plaintiffs,

v.

ALSTHOM AUTOMATION, INC., (formerly known as Air Industry Systems, Inc.), a Michigan corporation; Sigma Systems, Inc., a Michigan corporation; Air Industrie Sistemas, S.A. De C.V., a corporation organized under the laws of the United States of Mexico; GEC Alsthom, a foreign joint venture; General Electric Company, a New York company; Jervis B. Webb Company, Inc., a Michigan corporation; Durr, Inc., a Michigan corporation;

Duerr Holding GMBH, Stuttgart, a German corporation; Duerr Systems GMBH, a German corporation; Duerr AG, a German corporation; and Duerr Automation, Inc., a Michigan corporation, jointly and severally, Defendants,

and

General Motors Corporation, a Delaware corporation, Nominal Defendant.

No. CIV.A.01–40256.

United States District Court, E.D. Michigan, Southern Division.

Feb. 25, 2002.

Mark McAlpine, Bloomfield Hills, for Plaintiffs.

Patrick F. Hickey, Dykema Gossett, Detroit, Michael S. Leib, Southfield, Edward H. Pappas, Dickinson Wright, Bloomfield Hills, for Defendants.

Victor J. Torres, D'Agostini, Sable, Sterling Heights, for Nominal Defendants.

## OPINION AND ORDER

GADOLA, District Judge.

Before the Court is Plaintiffs' Motion to Remand [docket entry 3]. For the reasons set forth below, the Court will grant in part and deny in part Plaintiffs' motion.

This case essentially involves a dispute related to the negotiation and performance of two construction contracts. Pursuant to these contracts, Plaintiffs were to design, manufacture, and install a conveyor system at a General Motors assembly facility in Silao, Mexico. Under the two contracts, Plaintiffs were to earn over $8,000,000 upon completion of the construction project. However, Plaintiffs allegedly encountered a number of problems in the course of the construction project which ultimately resulted in Plaintiffs suffering financial ruin. Plaintiffs allege that the setbacks they encountered were caused by a series of wrongful acts perpetrated by Defendants in the negotiation and performance of the construction contracts.

Plaintiffs filed the Complaint in this case in the State of Michigan Circuit Court for the County of Oakland on August 14, 2001 (case number 01–033966–CK). Plaintiffs assert thirteen counts in the Complaint: **(Count I)** arbitration; **(Count II)** fraud based on false representations; **(Count III)** fraud based on bad-faith promise; **(Count IV)** fraud based on failure to disclose facts; (Count V) violation of Racketeer Influenced and Corrupt Organization Act ("RICO") pursuant to 18 U.S.C. §§ 1961 *et seq.;* **(Count VI)** negligent and innocent misrepresentations; **(Count VII)** alternative breach of contract; **(Count VIII)** alternative breach of contract; **(Count IX)** alternative claims for abandonment, cardinal change, rescission of contract and quantum meruit; **(Count X)** corporate guarantee; **(Count XI)** professional negligence and negligence; **(Count XII)** tortious interference; and **(Count**

XIII) "against Defendant GM for proceeds from retention distribution agreement."

Defendants filed a Notice of Removal on September 17, 2001, claiming that removal was proper under 28 U.S.C. § 1441(a) because this civil action was within the Court's original jurisdiction. Defendants assert that this Court has federal question jurisdiction under 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." With respect to Plaintiffs' state law claims, Defendants rely upon the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a), which provides, in pertinent part, that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

Of the thirteen counts in the Complaint, only Count V, the RICO claim, states a valid cause of action arising under federal law. In their motion to remand, Plaintiffs assert that this Court should remand the *entire case*, including the federal claim, to the state court. In support of this argument, Plaintiffs rely upon 28 U.S.C. § 1441(c) and this Court's decision in *McKinney v. City of Grosse Pointe Park*, 72 F.Supp.2d 788, 790 (E.D.Mich.1999) (Gadola, J.). Section 1441(c) provides as follows:

> Whenever a *separate and independent* claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c) (emphasis added).

As in this case, the defendant in *McKinney* had also removed the case from state to federal court, relying upon federal question jurisdiction and supplemental jurisdiction. 72 F.Supp.2d at 789. This Court found that the plaintiff's complaint asserted only two federal law claims, unreasonable seizure under the Fourth Amendment and deprivation of liberty under the Fourteenth Amendment, as well as various state law claims. *Id.* This Court remanded the entire case to state court, holding that "Section 1441(c) gives this Court the discretion to remand the entire civil action to state court when state law predominates, even though federal question jurisdiction would have existed if the action were brought originally in federal court." *Id.*

In their response, Defendants assert that *McKinney* is distinguishable from the present case. Specifically, Defendants point out that neither the Court nor the parties in *McKinney* seemed to have raised the issue of whether the federal claims were "separate and independent" from the state claims, and that § 1441(c) requires such an analysis. *See* 28 U.S.C. § 1441(c) (referring to "a *separate and independent* claim or cause of action within the jurisdiction conferred by section 1331"). Embarking upon this analysis, Defendants argue that state law claims that fall within the Court's supplemental jurisdiction are by their nature *not* "separate and independent" from the federal claim because such claims derive from a "common nucleus of operative fact." Defendants conclude that in this case, Plaintiffs' state law claims are supplemental to the lone federal claim; therefore, § 1441(c) is not applicable to this case.

The Court agrees with Defendants' analysis. It appears well settled that a

Court must resolve whether the federal claim is "separate and independent" from the state law claims as a predicate to the application of § 1441(c). *See Salei v. Boardwalk Regency Corp.,* 913 F.Supp. 993, 1000–01 (E.D.Mich.1996); *Padilla v. City of Saginaw,* 867 F.Supp. 1309, 1312 (E.D.Mich.1994); *Williams v. Huron Valley School District,* 858 F.Supp. 97, 99–100 (E.D.Mich.1994); *Moralez v. Meat Cutters Local 539,* 778 F.Supp. 368, 370 (E.D.Mich. 1991); *Kabealo v. Davis,* 829 F.Supp. 923, 926 (S.D.Ohio 1993), *aff'd,* 72 F.3d 129 (6th Cir.1995); *City of New Rochelle v. Town of Mamaroneck,* 111 F.Supp.2d 353, 372 (S.D.N.Y.2000); *Hickerson v. City of New York,* 932 F.Supp. 550, 558 (S.D.N.Y.1996). Courts have relied upon the Supreme Court's opinion in *American Fire and Casualty Company v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951) to define "separate and independent" claims under § 1441(c). *See, e.g., Moralez,* 778 F.Supp. at 370 (citing *Finn* ). The *Finn* Court stated that "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action." *Id.* at 14, 71 S.Ct. 534.

The standard enunciated in *Finn* is coextensive with the definition of supplemental jurisdiction. *See Salei,* 913 F.Supp. at 1003–04; *Padilla,* 867 F.Supp. at 1315; *Williams,* 858 F.Supp. at 99–100; *Moralez,* 778 F.Supp. at 370. A district court may exercise supplemental jurisdiction over state law claims when those claims "are so related to [the federal claims] that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). State and federal claims "form part of the same case or controversy" when they "derive from a common nucleus of operative fact." *See United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Thus, comparing the *Finn* standard to the requirements of supplemental jurisdiction, it is clear that claims which derive from a "common nucleus of operative fact" *cannot* be "separate and independent" for purposes of § 1441(c). *See Salei,* 913 F.Supp. at 1003–04; *Padilla,* 867 F.Supp. at 1315; *Williams,* 858 F.Supp. at 99–100; *Moralez,* 778 F.Supp. at 370.

■ In this case, Plaintiffs' state claims and sole federal claim derive from a common nucleus of operative fact. Plaintiffs' claims stem from alleged wrongful acts perpetrated in connection with the negotiation and performance of two construction contracts. Because Plaintiffs' federal claim and state claims derive from a common nucleus of operative fact, those claims are *not* "separate and independent" for purposes of removal or remand under § 1441(c). *See Salei,* 913 F.Supp. at 1003–04; *Padilla,* 867 F.Supp. at 1315; *Williams,* 858 F.Supp. at 99–100; *Moralez,* 778 F.Supp. at 370. Therefore, § 1441(c) does not apply to the facts of this case.

■ While the Court declines to remand this *entire* case, the Court will remand the state law claims. This Court has discretion to exercise its supplemental jurisdiction. *See* 28 U.S.C. § 1367(c); *Gibbs,* 383 U.S. at 726, 86 S.Ct. 1130. In exercising its discretion, the Court must look to "considerations of judicial economy, convenience and fairness to litigants" and avoid needless decisions of state law. 383 U.S. at 726, 86 S.Ct. 1130; *see* 13B *Federal Practice & Procedure,* Charles A. Wright, Arthur R. Miller, Edward H. Cooper, § 3567.1 (2d ed.1984 and 2001 supp.). Where, as here, Plaintiffs assert only one federal claim out of thirteen claims in the Complaint, the state law claims substantially predominate over the remaining federal claim and might engender confusion among the jury. *See* 28 U.S.C.

§ 1367(c)(2); *Caraballo v. South Stevedoring, Inc.*, 932 F.Supp. 1462, 1465 (S.D.Fla. 1996).

Recent litigation in the federal courts involving federal law claims together with supplemental state law claims has caused procedural and substantive problems. Although the federal claim and the state claims in this action appear to arise out of the same factual situation, litigating these claims together may not serve judicial economy or trial convenience.

Because federal and state law each have a different focus, and because the two bodies of law have evolved at different times and in different legislative and judicial systems, in almost every case with supplemental state claims the courts and counsel become unduly preoccupied with substantive and procedural problems in reconciling the two bodies of law and providing a fair and meaningful proceeding.

The attempt to reconcile these two distinct bodies of law often dominates and prolongs pre-trial practice, complicates the trial, makes the jury instructions longer, confuses the jury, results in inconsistent verdicts, and causes post-trial problems with respect to judgment interest and attorney fees. Thus, in many cases the apparent judicial economy and convenience to the parties of entertaining supplemental state claims is offset by the problems those claims create.

Accordingly, this Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand [docket entry 3] is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Counts I, II, III, IV, VI, VII, VIII, IX, X, XI, XII, and XIII of the Complaint are **REMANDED** to the State of Michigan Circuit Court for the County of Oakland.

**IT IS FURTHER ORDERED** that only Count V of Plaintiffs' Complaint remains before this Court.

**SO ORDERED.**