Gursarn S. UPPAL, Plaintiff,

v.

**ELECTRONIC DATA SYSTEMS and Metropolitan Life Insurance Company, Defendants.**

No. 03–75093.

United States District Court,
E.D. Michigan,
Southern Division.

May 6, 2004.

Martin I. Reisig, Birmingham, MI, Sam G. Morgan, Sommers, Schwartz, Southfield, MI, for Plaintiff.

David A. Posner, Baker & Hostetler, Cleveland, OH, Randolph D. Phifer, Phifer, Phillips, Detroit, MI, for Defendants.

## MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

COHN, District Judge.

The party seeking removal should take care to identify all possible bases of federal subject matter jurisdiction over the suit in its notice of removal because the district court may decline to assert jurisdiction over the case for reasons not averred in the removal notice and deny the removing party leave to amend its notice to include further grounds of federal subject matter jurisdiction after the expiration of the relevant time period.

14C Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice And Procedure § 3732 at 332 (3d ed.1998).

### I. Introduction

This is an employment case. Plaintiff Gursaran Uppal (Uppal) is suing his former employer Electronic Data Systems, Inc. (EDS) and Metropolitan Life Insurance Company Corporation (MetLife) claiming that he was improperly denied short term disability benefits. Met Life removed the case to this Court on the grounds of federal question jurisdiction, stating that Uppal's claims are preempted by ERISA.

Before the Court is Uppal's motion to remand. For the reasons that follow, the motion is GRANTED.

### II. Background

#### A.

Uppal was employed by EDS as an engineer. He suffers from a vision impairment called retinitis pigmentosa. In 1999, Uppal was diagnosed as being legally blind as a result of his impairment. By 2001, his condition had deteriorated to "end stage;" Uppal is now totally blind. In late 2001 and early 2002, EDS approved a disability leave of absence so Uppal could participate in a leader dog program.

EDS accommodated Uppal's impairment during his employment. However, in December 2001, EDS reorganized its workforce and notified Uppal that he was being placed "on the bench" (laid off) but could look for another job internally. Uppal was unsuccessful in obtaining another job in EDS during his lay off. EDS therefore terminated Uppal's employment on March 31, 2002.

#### B.

On November 12, 2003, Uppal filed suit in Oakland County Circuit Court naming EDS and MetLife as defendants and claiming (1) breach of contract by both defendants for failing to pay benefits and (2) breach of the duty of good faith by MetLife as administrator of the EDS Payroll Practice Plan.

MetLife was served with the complaint on November 19, 2003. On December 18, 2003, MetLife removed the case to federal court on the grounds that this "action involves a claim by Plaintiff relative to long term disability benefits under an employee welfare plan subject to and governed by the provisions of [ERISA]" and that "ERISA preempts the state-law claims alleged in Plaintiff's Complaint and provides

the exclusive federal remedies for resolutions of claims by employee benefit plan participants …." and therefore "this Court has original federal question jurisdiction over this action…." The notice of removal stated that EDS has not been served and need not concur. No mention is made in the notice of removal of diversity jurisdiction as an alternate ground for removal.

MetLife filed an answer on January 12, 2004.

EDS was served with the complaint on January 16, 2004, after the case was in this Court. EDS filed an answer on February 24, 2004. EDS did not question jurisdiction.

On March 12, 2004, Uppal filed the motion to remand on the grounds that he is seeking short term disability benefits, not long term disability benefits, and that EDS's short term disability plan is not an ERISA plan. Thus, he says federal question jurisdiction is lacking.

EDS filed a response to the motion to remand on March 26, 2004, arguing that diversity jurisdiction exists. This is the first mention in the record of diversity jurisdiction. MetLife filed a concurrence in EDS's response on March 29, 2004.[1]

Uppal in his reply argues that EDS's assertion of diversity jurisdiction is untimely because EDS did not raise it as a basis for jurisdiction within thirty days of being served.

### III. Analysis

#### A.

As an initial matter, EDS and MetLife did not respond to Uppal's argument that EDS's short term disability plan is not an ERISA plan and therefore federal question jurisdiction is lacking. Also, Uppal

does not argue that diversity jurisdiction is lacking. The Court need not address these issues but can rather assume that Uppal is correct that federal question jurisdiction is lacking and that diversity jurisdiction exists. Therefore, the only issue is whether EDS's assertion of diversity jurisdiction is timely.

#### B.

EDS argues that it should be allowed to assert diversity jurisdiction because although the time limit for removal expired thirty days after it was served, "the circumstances of this case" warrant it. EDS says that there was no need to assert diversity jurisdiction when it filed its answer because the case was already in federal court purportedly on federal question jurisdiction and Uppal had not yet contested jurisdiction. EDS says that had it known Uppal would contest jurisdiction, it would have asserted diversity jurisdiction as an independent basis for jurisdiction. As support, EDS cites *Tech Hills II Associates v. Phoenix Home Life Mutual Ins. Co.*, 5 F.3d 963 (6th Cir.1993).

Uppal argues that EDS waived its right to assert diversity jurisdiction because it did not do so within thirty days of being served. He also notes that MetLife has waived its right to assert diversity jurisdiction by relying solely on federal question jurisdiction and taking no other action within thirty days of service.

#### C.

■ It is clear that a defendant seeking to invoke the jurisdiction of the federal courts through removal must state the grounds for removal. 28 U.S.C. § 1446 provides in relevant part:

(a) A defendant or defendants desiring to remove any civil action or criminal

---

1. MetLife says it was "under the impression" that Uppal was seeking long term disability benefits from EDS, which is part of an ERISA plan. It also says that is wished "to preserve its right to have the matter adjudicated in Federal Court, if that in fact were the case."

prosecution form a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal. . . .

There is also a time limit for filing a notice of removal. 28 U.S.C. § 1446(b) provides:

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Thus, a notice of removal must be filed within thirty days of service. It is undisputed that MetLife filed a timely notice of removal. In *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527 (6th Cir. 1999), the Court of Appeals for the Sixth Circuit held that a later-served defendant, such as EDS, has thirty days from the date of service to remove a case, with the consent of the remaining defendants. Thus, EDS had until February 17, 2003 in which to file a notice of removal.

■ The issue here is whether in the circumstances of the record EDS may assert a new ground for jurisdiction in opposition to a motion to remand filed after the expiration of the thirty days. There is no case law directly addressing the issue. The most analogous cases are those addressing amendments to removal petitions. Although EDS never filed its own notice of removal or indicated its consent in removal,[2] EDS is effectively attempting to

---

2. Although not raised by the parties, there is a question of whether MetLife's removal was proper and whether EDS's consent to removal was required. MetLife's removal petition states: "although the defendant on the nonremovable claim need not join in the Notice of Removal, Defendant EDS has not been served and need not concur." MetLife relied on § 1441(c) as grounds for removal. Section 1441(c) provides:

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c).

In *American Fire & Casualty Company v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), the United States Supreme Court defined "separate and independent" claims under § 1441(c) as "where there is a single wrong to plaintiff, for which relief is sought,

arising from an interlocked series of transactions, there is no separate and independent claim or cause of action." 341 U.S. at 14, 71 S.Ct. 534. Under this analysis, it does not appear that Uppal's claim against MetLife is separate and independent. Indeed, Uppal refers to "defendants" in his breach of contract claim and to only MetLife in good faith claim. Thus, assuming that MetLife only sought to remove the breach of good faith claim, it is clear from a review of the complaint that the breach of contract claim is interlocked with the breach of good faith duty claim because they surround the same fact and transactions—Uppal's denial of short term disability benefits. Therefore, it appears that § 1441(c) is inapplicable. *See Broad, Vogt & Conant, Inc. v. Alsthom Automation, Inc.*, 186 F.Supp.2d 787 (E.D.Mich.2002).

When a defendant removes under § 1441(c), the Sixth Circuit has said that it need not obtain the consent of other defendants. *See Klein v. Manor Healthcare Corp.*, 19 F.3d 1433, 1994 WL 91786, *9 n. 8 (6th Cir.1994). Likewise, a non-served defendant need not consent to removal. *See id.* How-

amend the notice of removal to assert a new ground for jurisdiction. In *Tech Hills,* on which EDS relies, the Sixth Circuit allowed defendants to amend the notice of removal to cure defective allegations regarding diversity jurisdiction in the removal petition after the thirty day period "where such jurisdiction did in fact exist [and] after the time for removal had expired." *Tech Hills,* 5 F.3d at 969. The Sixth Circuit, however, has not addressed whether a defendant may amend a notice of removal after thirty days to add a new ground for jurisdiction or otherwise make a substantive change to jurisdiction. A leading treatise on this issue states:

> The notice of removal required by Section 1446(b) may be amended freely by the defendant prior to the expiration of the thirty-day period for seeking removal. . . . Thereafter, however, the cases indicate that the notice may be amended only to set out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice . . . . [a]mendment of the removal notice may seek to accomplish one or more of several objectives: it may correct an imperfect statement of citizenship, or state the previously articulated grounds more fully, or correct the jurisdictional amount. Completely new grounds for removal may not be added and missing allegations may not be furnished, however.

14C Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice And Procedure § 3733 at 357–61 (3d ed.1998) (footnotes omitted).

■ As noted in Wright and Miller, "[t]he courts that have addressed the issue have uniformly recognized that a defendant's ability to amend the removal petition after the thirty-day time limit for removal prescribed by § 1446 extends only to amendments to correct 'technical defects' in the jurisdictional allegations in the notice of removal. . . ." *Blakeley v. United Cable System,* 105 F. Supp.2d 574, 578 (S.D.Miss.2000); *see, e.g., Stein v. Sprint Communications Co.,* 968 F.Supp. 371, 374 (N.D.Ill.1997) ("[A] defendant may not amend its notice of removal after the 30-day limit in § 1446(b) to remedy a substantive defect in the petition"); *Spillers v. Tillman,* 959 F.Supp. 364, 372 (S.D.Miss. 1997) ("Although a defendant is free to amend a notice of removal within the 30-day period set forth in 28 U.S.C. § 1446(b), once the 30-day period has expired, amendment is not available to cure a substantive defect in removal proceedings."); *Wright v. Combined Ins. Co. of America,* 959 F.Supp. 356, 359 (N.D.Miss. 1997) ("If a defendant seeks to amend the notice of removal at any time thereafter, he may only do so to clarify the jurisdictional grounds for removal, which were unartfully stated in the original notice. He may not allege new jurisdictional grounds for removal."); *Iwag v. Geisel Compania Maritima,* 882 F.Supp. 597, 601 (S.D.Tex.1995) (finding that "[s]ection 1653 does not allow the removing party to assert additional grounds of jurisdiction not

---

ever, the Sixth Circuit has recently made clear that all defendants "must join in the removal petition or file their consent to removal in writing within thirty days of receipt of (1) a summons when the initial pleading demonstrates that the case is one that may be removed, or (2) other paper in the case form which it can be ascertained that a previously unremovable case has become removable."

*Loftis v. United Parcel Serv., Inc.,* 342 F.3d 509 (6th Cir.2003). Because removal under § 1441(c) appears to have been improper, and applying *Loftis* and *Brierly* to this case, it is logical to conclude that EDS had 30 days after service to consent to MetLife's removal. EDS failed to do so. This defect in the removal procedure alone could be a basis for remand. *See Loftis.*

included in the original pleading," and thus holding that the court would "disallow amendments to notices of removal that present grounds for removal not included in the original notice").

The approach in the cited cases appears to be consistent with the Sixth Circuit's decision in *Tech Hills II.* The notice of removal in *Tech Hills II* was based on diversity jurisdiction but did not allege the citizenship of the individual partners; it only alleged that plaintiff was a partnership. The Sixth Circuit allowed the defective allegations to be cured after the thirty days because diversity jurisdiction existed at the time of removal and only "additional allegations regarding diversity" were added. *Tech Hills II,* 5 F.3d at 969. This was not a substantive change.

■ Therefore, EDS had thirty days from service to take some affirmative action to assert diversity jurisdiction—if EDS believed that such jurisdiction existed. EDS's failure to act within the thirty days constitutes a waiver of its right to invoke diversity jurisdiction. EDS concedes that it failed to act within thirty days of service, but argues that "under the circumstances" it should be permitted to now assert diversity jurisdiction. The law simply does not support EDS's position.

This is not an unfair result. Although EDS did not file a consent to MetLife's removal within thirty days of being served which itself raises an issue, *see* n. 2, *supra,* EDS also did not assert diversity jurisdiction until responding to Uppal's motion to remand, when it apparently realized that federal question jurisdiction is lacking. EDS simply relied on MetLife's notice of removal and never considered the possibility that the notice was defective. In so

doing, it took the risk that MetLife had not properly removed the case. It must be bound by that decision.

This result also comports with the policy behind statutes conferring removal jurisdiction—they are to be "construed strictly because removal jurisdiction encroaches on a state court's jurisdiction," *Brierly,* 184 F.3d at 534, and doubts about removal "should be resolved in favor of remand to the state courts." *Id.* 184 F.3d at 534. *See also Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

Because the asserted ground for jurisdiction in the notice of removal—federal question jurisdiction—is lacking, the case is REMANDED to Oakland County Circuit Court.[3]

SO ORDERED.

---

**3.** The Court realizes that following remand, defendants may again attempt to remove the case based on diversity jurisdiction. Whether or not defendants may properly do so is not an issue at this time.